Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN G. HERMANN and AUGUSTA HERMANN, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of Their Son, FREDERICK S. HERMANN, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Employer and Self-Insurer, Appellant.

Third Department, March 2, 1921.

**Workmen's Compensation Law — dependency — when father and mother not dependent on son.**

The father and mother of a decedent were not dependent on him at the time of an accident resulting in his death, where it appears that during the preceding year the family consisted of the father, mother and son; that the father earned more than twenty dollars per week; that the mother netted about forty dollars per month from the rental of rooms and that the son contributed the sum of fifteen dollars per week and was boarded and lodged and at times had clothing bought for him.

APPEAL by the defendant, American Railway Express Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 8th day of January, 1920.

*Edward V. Conwell,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The appellant does not contest the question of the accidental cause of the death of Frederick S. Hermann, son of the alleged dependents, but does seriously urge that the father and mother were not dependent within the meaning of the Workmen's Compensation Law. The decedent left no dependent wife or children under the age of eighteen years, and the question to be determined is whether there is any evidence to support the conclusion of fact that the father and mother of the decedent were dependent upon him at the time of the accident, for the statute permits of no other time. (§ 16, subd. 4, as amd. by Laws of 1916, chap. 622.*)

---

* Since amd. by Laws of 1920, chap. 532.— [REP.

The evidence is that the father was earning from eighteen to twenty-five dollars per week at the time of the death of his son, though he appears to have not been working since that time. What he has done, or refrained from doing since the death is, of course, of no importance, and we are unable to see any relevancy in the alleged fact that the father is lame. The question is what was the condition of the father at the time of the death; was he then dependent upon the earnings of the son? The evidence indicates that he earned an average of more than twenty dollars per week for the year prior to the death of the son, and that the family consisted of the father and mother and the son, and the latter contributed the sum of fifteen dollars per week, and was boarded and lodged and at times had clothing bought for him. How can it be said that this father, earning above twenty dollars per week, was in any degree dependent upon the contribution of fifteen dollars per week on the part of the son, who was supported out of the family fund?

And the mother has likewise been held to be a dependent, though the evidence shows that she hired eleven rooms for fifty-five dollars per month and rented them out for thirty dollars per week, and it is conceded that she netted about forty dollars per month out of this transaction after the payment of the gas and coal bills, and the payment for sheets, pillow-cases, blankets, etc. In other words, after paying all the heat and light bills for the family, and important items of supplies, there was a net profit of forty dollars per month to the mother, who had a right to support from her husband who was earning more than twenty dollars per week at the time of the death of the son. Twenty dollars per week, with rent, light and heat paid for, and forty dollars per month in addition — or practically twenty-five dollars per week — for food and clothing for two persons, is not dependency in the absence of evidence showing the insufficiency of this sum. Assuming the son to be living and contributing fifteen dollars per week, and using one of the rooms, it will be seen that he would be paying only about his equitable portion of the family expenses, assuming it all to be used, and it must be clear that there is no foundation in the evidence for holding either the father or the mother to have been dependent upon the contribution of the decedent at

the time of the accident. So long as the cases of *Birmingham* v. *Westinghouse Electric & Manufacturing Co.* (180 App. Div. 48); *Frey* v. *McLoughlin Bros., Inc.* (187 id. 824) and *Mulraney* v. *Brooklyn Rapid Transit Co.* (190 id. 774) remain unreversed, this court is not in a position to sustain awards where there is no evidence to establish dependency.

The award appealed from should be reversed.

All concur.

Award reversed and claim dismissed.