S. O. ANDERSON *v.* STATE COMPENSATION COMMISSIONER

(No. 7574)

Submitted April 11, 1933. Decided April 18, 1933.

(Rehearing denied June 5, 1933)

*Lon G. Marks,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for Compensation Commissioner.

*Steptoe & Johnson, J. Hornor Davis, 2d,* and *Wm. J. Maier, Jr.,* for Riggs, Distler & Co., Inc.

HATCHER, JUDGE:

Petitioner was denied compensation on the ground that his alleged disability did not result from an injury received in the course of his employment. He seeks a reversal.

On February 16, 1931, while employed by a subscriber to the workmen's compensation fund, petitioner received a sprained back. He was compensated from the fund for the duration of inactivity caused by his injury. He returned to work at the end of March, and suffered no further inconvenience until May 23rd, when he sprained his back again at practically the same place as before. Since then, he complains of pain and soreness in the sprained locality.

A summation of the evidence of Dr. J. E. Roberts and Dr. J. E. Rucker, two physicians who testified in petitioner's behalf, is as follows: A simple sprain in a human body, which is free from infection, is usually of no serious or lasting consequence. Arthritis is a rheumatic infection which involves the joints. If there is a focal infection somewhere in the body, arthritis frequently "flares up" in an injured joint. A sprain does not cause a focal infection. An external examination of petitioner disclosed nothing abnormal except apparent tenderness over the place of injury. Dr. Roberts was of opinion that the petitioner has arthritis. Dr. Rucker merely thought it probable that petitioner has an arthritic condition where the sprain occurred. Both physicians were of opinion that if he has arthritis it was due to a prior infection somewhere in his

body and was secondary to the sprain. Dr. Rucker stated that while arthritic disability may be suspected in this instance, it could be determined positively only from x-ray examination.

The petitioner was referred to Dr. A. C. Lambert for x-ray examination by the compensation commissioner, and Dr. Lambert reported on June 27, 1932, "There is no x-ray evidence of disease or injury of the bones of the dorsal spine in either the anterior, posterior or lateral view."

A special examination was made of petitioner on June 27, 1932, by Dr. Russel A. Kessel, the chief medical examiner of the compensation department, and he reported as follows: "Rigid examination of this claimant shows absolutely no evidence of any residuals of a traumatic injury to his body, particular reference being made to the dorsal vertebrae, costal cage, and upper extremities. He does not cooperate well on examination. There is absolutely no residuals of an injury. * * * There is no x-ray evidence of disease or injury of the bones of the dorsal spine in either the anterior, posterior or lateral view."

In view (a) of Dr. Rucker's declaration (not questioned) that a positive diagnosis of arthritis in this instance could be made only from an x-ray examination; and (b) of that examination showing no evidence of disease (or injury) to petitioner's spine, we cannot say that the ruling of the commissioner is wrong. His ruling is therefore affirmed.

*Affirmed.*