Before STATE INDUSTRIAL BOARD, Respondent.

ANNA SCHNABLE, Respondent, *v.* THE BUTTERICK PUBLISHING COMPANY and Another, Appellants.

Third Department, November 12, 1925.

Workmen's compensation — claim for death — electric shock caused employee to fall — employee suffered injury to hand for which he has been compensated — death claim is based on cancer of tongue alleged to have been caused by biting tongue at time of accident — tongue condition not investigated before death — hearsay declarations by deceased employee as to accidental injury to tongue not corroborated by evidence to show that accident arose out of and in course of employment — award reversed.

An award of death benefits is reversed, since it appears that the employee suffered an electric shock, which caused him to fall and injure his hand for which he was compensated; that the death claim was based on death caused by cancer of the tongue, which the claimant alleges was caused by employee biting his tongue at the time of the accident; that the tongue condition was not investigated prior to the employee's death; and that the hearsay declarations made by the employee, to the effect that he bit his tongue at the time of the accident, were not corroborated by evidence to show that the accidental injury to his tongue did arise out of and in the course of his employment.

APPEAL by The Butterick Publishing Company and another from an award of the State Industrial Board, made on the 19th day of January, 1925.

*T. Carlyle Jones* [*William H. Foster* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

HINMAN, J.:

The main question on this appeal is whether the finding of the State Industrial Board that the deceased workman died as a

resultant effect of an accidental injury received in the course of his employment and arising out of it, is based upon uncorroborated hearsay declarations of the deceased within our ruling in *Van Cise* v. *Standard Oil Co. of N. Y.* (209 App. Div. 838) and *Meehan* v. *Dutton Lumber Co.* (210 id. 540). There is ample proof that on February 7, 1923, the deceased came in contact with a live electric wire in the course of his employment and arising out of it, causing him to fall and injure his left hand. The Board has found, however, in addition to the hand injury, that in the fall the deceased bit his tongue, resulting in an epithelial cancer from which he died June 9, 1924. During his lifetime the hearings considered solely the hand injury. No testimony was ever taken, before death, on the tongue injury and the deceased gave no testimony during his lifetime relative to biting his tongue. A hearing was called for October 29, 1923, for the purpose of considering the tongue condition but he did not appear and the case was closed upon a written statement of his representative that the claim was not going to be pressed further. In his notice of injury no mention was made of tongue injury. He was under observation at the hospital for his hand injury for two months but the records of the hospital do not disclose any entry of the tongue condition until August 6, 1923. On that date a Dr. King started to treat him for cancer of the tongue. Dr. King has testified that on that date the deceased gave him a history of an electric shock which induced a muscular spasm, driving his teeth through the tongue.

After his death in June, 1924, his widow brought this claim for compensation based upon death resulting from accidental injury to the tongue. She testified that on the night of the accident, February 7, 1923, he returned home and told of the shock, of the fall, of the hand injury and of the biting of the tongue. She did not look at the tongue then but did the next day and noticed that there were teeth marks on the tongue. She looked at it several times after that and it swelled up and got larger and a hole or opening developed in it. Prior to his death he made an affidavit reciting the biting of his tongue at the time of his fall and stating that he told a fellow-employee who helped him up of having bitten his tongue but this employee testified that the deceased did not say that to him and that he did not notice anything at all about his tongue when the accident happened; that he knew nothing about it until the deceased told him about it during the following July or August. The testimony of the widow and others as to the declarations of the deceased is purely hearsay as to the biting of the tongue at the time of the fall. The affidavit of the deceased is not legal evidence of such an accidental injury. The

fact that teeth marks were found in the tongue the next day would tend to corroborate as to an accident to the tongue but not that he bit his tongue at the time of the fall. There must be some legal proof in corroboration of the hearsay in respect to an accidental injury, its occurrence in the course of the employment and its causation by the employment, under the cases cited (*supra*). The proof fails here in respect to the two last-mentioned elements.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.