HARRISON ABBOT *v.* STATE COMPENSATION COMMISSIONER

(No. 7590)

Submitted April 12, 1933.   Decided April 18, 1933.

562

*Fulton & Riddle,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for Compensation Commissioner.

*Leftwich & Shaffer,* for Spruce River Lumber Co.⌉

MAXWELL, PRESIDENT:

Claimant was refused compensation on the ground that his injury was purposely self-inflicted. This appeal followed.

While coupling coal cars in a mine of the Spruce River Coal Company in Boone County, December 22, 1931, claimant's right index finger was so seriously maimed that amputation was necessary just above the second joint. Upon protest of the employer against the award of compensation, the commissioner held a hearing in March, 1932. Evidence was adduced by both the claimant and the employer.

Though the testimony was taken and concluded on the 22nd of March, 1932, the commissioner's order rejecting the claim was not entered until September 22, 1932. In the interim there was correspondence by mail between officials of the employer and officials of a former alleged employer of claimant in the state of Kentucky. Letters received in this correspondence by the employer tended to discredit certain of claimant's testimony, and, to that extent, to substantiate the employer's contention that the injury involved was self-inflicted. This correspondence was before the commissioner when he made his finding in September, 1932.

The underlying purpose of a hearing in compensation cases is to afford opportunity for the examination and cross-examination of witnesses. Where such hearing has been held, both the employer and the employee have full right to assume that the case will be determined on the record as then completed, including both the evidence adduced at such hearing and prior proceedings. To permit either the employer or the employee to submit ex parte statements in the form of letters or otherwise subsequent to the hearing, is highly prejudicial to the other side.

We are therefore of opinion that the commissioner's said order of September 22, 1932, denying compensation should be set aside, and that the commissioner should afford opportunity to both the employee and the employer to take further testi-

mony at such time and place as may be fixed by the commissioner for an adjourned hearing. The commissioner's finding hereafter to be made must exclude from consideration all ex parte matters developed subsequent to the hearing in March, 1932.

*Reversed and remanded.*