GLADYS WILLS *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7890)

Submitted April 10, 1934.   Decided April 17, 1934.

*England & Ritchie,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

MAXWELL, JUDGE:

Claimant appeals from an order of the compensation commissioner refusing her compensation as a partial dependent of her deceased son, Ray Wills.

Ray was killed September 26, 1932, while working for the Hatfield-Campbell Creek Coal Company. At the time of Ray's death, claimant's family consisted of three sons, Ray, age 23, Robert, 20, Harry, 10, and a daughter Reba, 16. Claimant's husband had been killed in 1928. She has no property nor did her husband leave any estate. As the dependent widow of her deceased husband claimant receives compensation from the workmen's compensation fund in the amounts of $30.00 per month for herself and $5.00 per month for her youngest son. Subsequent to the death of their father, Ray and Robert contributed about equally to the support of the family.

After his father's death Ray's contributions to the support of the family comprised the major portion of his earnings, or on an average of from $20.00 to $35.00 per month. It further appears from the evidence that Ray had helped with the family budget even before his father's death; that

the average running expense of the family was $75.00 per month; that claimant made no fixed charge for Ray's board, room and washing; and that the price for board and room in that community averaged from $30.00 to $35.00 per month. The circumstances indicated sufficient justification for belief and expectation by the mother that for at least a reasonable additional time her son would have continued to contribute to her support.

Commissioner takes the position that the claimant was not partially dependent on her son, Ray, for the reason that he did not contribute more than his equitable share of the family expense, and that he was paying no more than a fair price for what he received in return, and therefore claimant suffered no loss of support and maintenance. The further position is also taken by the commissioner that the fact that claimant is being compensated as a dependent widow is a further reason why she cannot be held to have been partially dependent on her deceased son.

"The question of dependency * * * under Workmen's Compensation Laws, is one of fact and not of law, to be determined by the evidence in each particular case." *Poccardi* v. *Commissioner*, 79 W. Va. 684, 91 S. E. 663. And recognizing that general principle of law we will not disturb a finding of the commissioner if there is substantial evidence to support it, and it is not against the plain preponderance of the evidence. *Anderson* v. *Commissioner*, 113 W. Va. 742, 169 S. E. 386; *Leroy* v. *Commissioner*, 113 W. Va. 210, 166 S. E. 689. But where in our judgment the finding of the commissioner is *contra* to the preponderance of the evidence, his order will be reversed. *Hamlet* v. *Commissioner*, 113 W. Va. 247, 167 S. E. 586; *Sedinger* v. *Commissioner*, 109 W. Va. 51, 152 S. E. 857.

Dependency should not be determined by a mathematical balancing of accounts. In resolving the claim of a widowed mother for compensation on account of the death of her son who was a member of her household and contributed to the family budget, there is no substantial reason for undertaking to strike a balance between the son's contributions and the estimated cost of his maintenance, on the theory of thus ascertaining whether the mother has suffered a financial loss in the death of her son. This, in our judgment, is too narrow and

would constitute a basis not within the contemplation of the workmen's compensation law. In such situation, the true test of partial dependency is whether the mother regularly received from the son's wages a part of her support, and whether there was ground for reasonable expectation on her part that the son would continue to contribute to her maintenance. *Alexander* v. *Compensation Commissioner*, 113 W. Va. 223, 167 S. E. 589.

A supposed balancing of benefits received against contributions made is not only a too narrow basis for determination of the rights of a widowed mother who claims compensation because of the death of her son, but it is an unfair basis. Granting that a son who contributed $30.00 a month to the family budget received board and lodging for which he would have to pay about $30.00 a month if obtained by him elsewhere than at his mother's home, it does not follow that there is a balancing of accounts and that the mother has not suffered financial loss because of being deprived of her son's contributions. If he were boarding and rooming elsewhere, the amount paid by him would include a profit to his landlady over and above the actual cost of what he received. Not only must that fact be borne in mind in considering the rights of the mother, but it must also be considered that his contributions made it possible for her to set up and maintain the household in such manner that she could furnish him board and lodging of the character received. And then, too, where there has been such set-up and the contributions of the son are lost, it may very readily come about that the mother may have to adopt a far more restricted basis of domestic life. In such circumstances, it is not a question of whether the widowed mother might have gotten along and sustained life without the contributions of her son, but whether she, living in a manner appropriate to her station in life, regularly looked to contributions of her son as constituting an appreciable part of her source of income and maintenance. II Schneider on Workmen's Compensation (2nd Ed.), p. 1236. Our conclusion that this is a case of partial dependency is supported by the case of *State* v. *District Court*, (Minn.) 159 N. W. 755. We adopt that view rather than the

opposite view typified by *Hermann* v. *Express Co.*, 186 N. Y. Supp. 691, relied on by the commissioner.

The commissioner's second ground for refusing compensation to the claimant, namely, that she is already receiving compensation on account of the death of her husband, we are of opinion is likewise untenable. The classification of the claimant as a widow who had been wholly dependent upon her deceased husband for maintenance, thereby entitling her to compensation following his death, does not mean that she could not be partially dependent upon some other member of the family subsequent to his death. The purpose of the said classification was to afford basis for her compensation following her husband's death, and not to declare a status wherein she would be deprived of benefits on account of her son, to which benefits she would have been entitled if her husband had been living.

Therefore, reaching the conclusion that neither of the reasons stated by the commissioner in support of his refusal of compensation to the claimant is substantially grounded, we reverse the commissioner's finding and remand the case to him in order that compensation may be awarded to the claimant as a partial dependent of her deceased son, Ray, and that such award be made in conformity with requirements of the statute which provides that such compensation "shall be fifty per cent of the average monthly support actually received from the employee during the preceding twelve months, and to continue for such portion of the period of six years after the date of death as the commissioner in the case may determine." Code 1931, 23-4-10(f).

*Reversed and remanded.*