DELBERT ESTEP

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 9951)

Submitted September 3, 1947. Decided September 16, 1947.

*Harry G. Shaffer,* for appellant.

*Hillis Townsend,* for appellee.

RILEY, JUDGE:

The State Compensation Commissioner, after a hearing demanded by the employer, Glogora Coal Company, a corporation, set aside, vacated and annulled his order of June 29, 1946, which made a twenty per cent award to claimant, Delbert Estep, and closed the claim, on the ground that claimant had "suffered no permanent partial disability as a result of his injury of May 25, 1945." The appeal board, having reversed the foregoing action of the commissioner and remanded the case with directions that the twenty per cent award be reinstated and compensation paid, the Glogora Coal Company prosecutes the present appeal.

The sole issue presented here is whether the condition of claimant's back involved in the instant claim resulted from the alleged injury of May 25, 1945, or from an injury sustained in 1942, while claimant was employed in the mines of Ridgeview Coal Company, a corporation, and for which he had received awards totalling twenty-two per cent.

In the Ridgeview Coal Company claim, originally reported to the commissioner as a "fracture of pelvis," we find a report, bearing date July 12, 1943, made by Dr. Randolph L. Anderson. Dr. Anderson states therein that "all motions of the spine are limited approximately 50%.

Some tenderness to palpation over the upper sacrum." He gives as his opinion: "This man has considerable stiffness of the lower spine muscles. He also has some tightness of the fascia in the back and in the sides of his legs"; and concludes with a recommendation that, if hospitalization for physical therapy is not desirable, a present partial permanent disability rating of 20% is indicated. Upon this report the commissioner made an award of twenty per cent. An additional two per cent was added early in 1945, increasing the award to twenty-two per cent.

The present claim against the Glogora Coal Company was filed shortly after the last award in the Ridgeview case. It is based on an alleged injury on May 25, 1945. The employer's report describes the accident: "Was setting timber when some loose coal rolled off and hit him in eye." Claimant's report describes injury: "Fracture of ribs and head injury." It is his contention that on the way from the place of, and due to, the eye injury, he fell and injured his left side and back. Dr. Barbour, the company physician, who was called to claimant's home some hours after the alleged injury, states that the complaint was limited to injured ribs on left side; that claimant was taped and sent to hospital. While x-ray studies of the sacrum, skull and pelvis did not reveal any fractures, one x-ray did reveal a transverse fracture of the tenth rib on left side. Dr. Baer, at the hospital, a few days later wrote Dr. Barbour to the effect that claimant had returned and that he complained a great deal of "pain in his back and chest." Dr. Henson in executing the physician's report, notes claimant's history, as follows: "Laying track, hit in eye—was blinded and fell causing head injury. Fractured rib and lower back sprain."

On June 22, 1945, an order was entered granting compensation "on total temporary basis." The employer delivered the first check, recognizing the validity of the eye condition, but withheld the second and third checks (covering 4 and 2/7 weeks) and protested on the ground that the eye condition had been corrected by glasses, and that

the back injury was not valid. A hearing was had, after which the commissioner, on October 3, 1945, entered an order directing payment to July 15, together with an additional 2 and 1/7 weeks on a temporary total basis and ordered that the claim remain open. The employer appealed the case to the board, and the latter on December 8, 1945, affirmed the commissioner.

Shortly thereafter claimant was directed to appear before Dr. Claude B. Smith, for the purpose of determining what, if any, permanent partial disability he had sustained as a result of the aforesaid accident. Dr. Smith, who at the time of his examination and report (May, 1946), knew nothing of the injury of 1942, was given a history by claimant to the effect that he (claimant) had tripped and fallen on track, "twisting his back." The following appears in the report: "In my opinion the permanent partial disability referable to the chest and the back exclusive of the arthritic manifestations, represents a 20% permanent partial disability. If, however, the arthritis is traumatic in origin, it is my further opinion the permanent partial disability referable to the chest and back is 35%." On the strength of this report the commissioner made an award of 20% permanent partial disability. The employer protested the finding, and a hearing was had on December 13, 1946.

Prior to the hearing Doctors Russel Kessel and Randolph L. Anderson, who were advised of the 1942 injury and the twenty-two per cent award, each made separate examinations of claimant's condition, and submitted separate reports. Dr. Kessel was of opinion that the award for 1942 injury "adequately compensated him (claimant) for his injury." Dr. Anderson, after comparing present x-rays with his previous examination in 1943 in the Ridgeview claim, was of opinion that there was no appreciable change in the findings now as compared with those of the previous examination.

From the medical reports aforesaid and the testimony of Doctors Smith, Kessel and Anderson, on the hearing, it

appears that the arthritic condition, even if of traumatic origin, was not the result of the 1945 injury in Glogora Coal Company's mine, and could not serve as a basis for increasing the permanent partial disability rating. The claimant, so far as the permanent partial disability is concerned, has been fully paid. Examinations conducted in the Glogora claim do not disclose a greater degree of back injury than twenty per cent, for which claimant has been more than compensated in the Ridgeview case.

In the absence of medical evidence tending to show a greater degree of permanent disability to claimant's back, we think the record fully supports the commissioner in his finding that the injuries to claimant's back in the instant case did not increase his *permanent* partial disability above that for which he has been fully compensated following the 1942 injury. There being no medical testimony to support the appeal board's action, we must, under our holdings, set aside the same. *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250; *Gibson* v. *Compensation Commissioner,* 127 W. Va. 98, 31 S. E. 2d 555.

*Reversed and remanded.*