CARL NOTTINGHAM

*v.*

STATE COMPENSATION COMMISSIONER

(No. 12247)

Submitted September 10, 1963.   Decided October 1, 1963.

*Jackson, Kelly, Holt & O'Farrell, Robert K. Kelly,* for appellant.

*J. M. Tully,* for appellee.

HAYMOND, JUDGE:

The claimant, Carl Nottingham, an employee of the defendant, Oglebay Norton Company, at its coal mine in Raleigh County, West Virginia, sustained personal injury from a fall of slate on July 26, 1961. On July 29, 1961, he was admitted to a hospital in Beckley where he received treatment until August 8, 1961, when he was discharged from the hospital. He filed his claim for compensation for an injury to his back and by final order entered October 22, 1962, the State Compensation Commissioner made an award of 20% permanent partial disability in favor of the claimant as compensation for his injury. Upon appeal by the employer the Workmen's Compensation Appeal Board, by order entered March 7, 1963, affirmed the order of the commissioner and from the order of the appeal board this Court granted this appeal upon the application of the employer.

The hospital report at the time claimant was discharged from the hospital stated that an x-ray of the lumbosacral spine showed a compression fracture of the superior portion of the third lumbar vertebra and that it could not be definitely determined by the radiologist whether the fracture was an old fracture or a recent fracture. The diagnosis shown by the report was that the claimant was suffering from an acute lumbosacral strain. The claimant was then referred to Dr. Kessel, a Charleston physician, and was examined by that doctor. The claimant was also examined by Dr. Squire, a radiologist. The report of these

doctors to the commissioner on December 15, 1961, showed that the condition of the lumbar spine of the claimant was due to an old fracture and that there was no other pathology. Dr. Kessel expressed the opinion that if the fracture of the third lumbar vertebra resulted from the injury of July 26, 1961, the claimant would be entitled to 20% permanent partial disability. Upon the foregoing report the commissioner, by order entered January 11, 1962, awarded the claimant a 20% permanent partial disability. The employer protested this award, and the x-ray taken at the hospital was examined by Dr. Squire and compared with the subsequent x-ray which he had taken, and on March 27, 1962, Dr. Squire reported that the x-ray made at the hospital revealed an old fracture of the third lumbar vertebra; that there was no change from the condition shown by the x-ray taken by him on December 15, 1961; and that the fracture shown by both x-rays had occurred prior to the injury of July 26, 1961. After given this information Dr. Kessel prepared a supplemental report on March 30, 1962, in which he expressed the opinion that the fracture of the third lumbar vertebra of the claimant was not incurred at the time of his injury of July 26, 1961, and that any disability incurred by the claimant resulted from the injury which produced the fracture. These reports were introduced at a hearing on September 14, 1962, at which the claimant did not appear in person or by counsel, but at an earlier hearing on February 23, 1962 the claimant, then represented by an attorney who subsequently withdrew from the case, testified that prior to July 26, 1961, he had never sustained any injury to his back or experienced any pain of any sort in that area and that before he went to work for his employer he had been given a pre-employment physical examination. Apparently that examination revealed no injury to his back.

The record discloses that on August 22, 1961, the claimant was awarded compensation at the rate of $38.00 per week on a total temporary disability basis, and that the report of the physician who examined the claimant at the instance of the commissioner indicated that on December

15, 1961, the claimant had gained his maximum improvement from his injury of July 26, 1961.

There is no evidence that the lumbar fracture, for which the claimant seeks an award of permanent partial disability compensation in this proceeding, was caused by or resulted from the injury which he received on July 26, 1961. The only evidence from which any inference that such fracture resulted from that injury is the testimony of the claimant that previously he had sustained no injury to his back and had not experienced any pain in that area. The medical evidence, concerning the fracture which though not conclusive in such instances is entitled to great weight, shows clearly that the fracture of the third lumbar vertebra of the claimant occurred before his injury of July 26, 1961, and could not have resulted from or been produced by that injury; and that the claimant has no disability other than that caused by that fracture. The finding of the commissioner and of the appeal board that such fracture resulted from the injury and entitled the claimant to an award of 20% permanent partial disability is without sufficient evidence to support it and for that reason is plainly wrong, and the orders of the commissioner and the appeal board which affirmed such finding are likewise plainly wrong.

This Court in numerous cases has held that an order of the Workmen's Compensation Appeal Board, affirming an order of the State Compensation Commissioner, which is not supported by the evidence and, for that reason, is plainly wrong, will be reversed and set aside by this Court. *Meade* v. *State Compensation Commissioner*, 147 W. Va. 72, 125 S. E. 2d 771; *Flynn* v. *State Compensation Commissioner*, 141 W. Va. 445, 91 S. E. 2d 156; *Morris* v. *State Compensation Commissioner*, 135 W. Va. 425, 64 S. E. 2d 496; *Walk* v. *State Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791; *Miller* v. *State Compensation Commissioner*, 130 W. Va. 771, 45 S. E. 2d 249; *Estep* v. *State Compensation Commissioner*, 130 W. Va. 504, 44 S. E. 2d 305; *Manning* v. *State Compensation Commissioner*, 124 W. Va. 620, 22 S. E. 2d 299; *Rasmus* v. *Workmen's Com-*

*pensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250; *Wills v. State Compensation Commissioner,* 114 W. Va. 822, 174 S. E. 323; *Scott v. State Compensation Commissioner,* 112 W. Va. 608, 166 S. E. 274. Application of the principle enunciated in the foregoing cases requires reversal by this Court of the final order entered by the Workmen's Compensation Appeal Board on March 7, 1963 and the orders of the commissioner entered October 22, 1962 and January 11, 1962, which granted the claimant a 20% permanent partial disability award; and this proceeding is remanded to the State Compensation Commissioner with directions that the claim for permanent partial disability of the claimant be dismissed.

*Reversed and remanded with directions.*