HELEN E. HOFF

*v.*

STATE COMPENSATION COMMISSIONER AND POWHATAN BRASS

AND IRON WORKS, *a Corporation*

(No. 12261)

Submitted September 10, 1963.  Decided October 22, 1963.

*Rice, Hannis & Rice, Lacy I. Rice,* for appellant.

*Kenneth W. Metz,* for appellee.

BERRY, PRESIDENT:

This is an appeal by the Powhatan Brass & Iron Works, a corporation, former employer of the claimant, Helen E. Hoff, from a decision of the Workmen's Compensation Appeal Board of May 10, 1963, which affirmed an order of the Workmen's Compensation Commissioner (now Direc-

tor of Workmen's Compensation) of January 28, 1963, which awarded 20% permanent partial disability to the claimant in connection with an injury she received on April 3, 1959. Upon petition by the employer, an appeal was granted by this Court on July 1, 1963, and submitted for decision by this Court on argument and briefs at the September, 1963 term.

This claim for compensation is based on a reported injury by the claimant to her back while lifting a pan of cores weighing about twenty pounds. At the time of this reported injury the Compensation Commissioner held that it was compensable and paid a small medical bill, but inasmuch as the claimant did not lose sufficient time from work, no temporary total disability was paid at any time.

Over two and one-half years after the injury application was made to the Commissioner for permanent partial disability, which claimant alleged was caused as the result of the injury of April 3, 1959. The Commissioner referred the claimant to Dr. A. W. Armentrout of Martinsburg, West Virginia, for an examination on November 20, 1961. The claimant gave Dr. Armentrout a history of her having suffered various pains in her back since the injury of April 3, 1959, but she did not tell him of having suffered from any ailments in her back before that time. Dr. Armentrout's report of January 5, 1962, states that her back condition had reached a maximum degree of recovery, and that he was of the opinion that she had 25% permanent partial disability as a result of the injury of April 3, 1959. No x-rays were taken by Dr. Armentrout in connection with his report and he had not treated her on any other occasion. Dr. Armentrout died a few weeks after his report had been made to the Commissioner.

The Commissioner, on January 29, 1962, awarded the claimant a 25% permanent partial disability which was based on Dr. Armentrout's report, as no other report or information was contained in the Commissioner's file with regard to any permanent partial disability up to that time. An objection or protest was made to the Commissioner's ruling granting the 25% permanent partial disability and the claim was set down for hearing.

Several hearings were held, at which time it developed that the claimant had been treated by several doctors for back ailments several years before the reported injury of April 3, 1959, and afterwards. The hearings brought out the fact that she had been treated for various ailments, including back trouble, since 1946. Dr. Marshall Glenn operated on her in 1951 and removed a multiple lipoma which is a benign tumor around the lumbar area which could have caused pain in her back. Dr. Earl D. Allara treated the claimant after the injury of April 3, 1959, and at that time found tumor masses about the size of a walnut on both sides of the spine in the lumbosacral region. He had also treated the claimant for back trouble for about two years before the injury of April 3, 1959. Dr. Allara did not testify that the claimant's present back trouble was caused by the injury of April 3, 1959. He did state that it was possible that her previous complaints with regard to her back ailments might have been aggravated by the injury.

Several other physicians testified at the various hearings held and depositions taken, and none of them stated that the injury of April 3, 1959, had caused any permanent partial disability. The claimant was overweight and had been treated by Dr. Bradford S. Bennett for low back strain in 1958 due to such overweight. Dr. Bennett advised her to reduce her weight, but she had failed to do so.

The claimant was discharged by her employer in 1961 because of her difficulty in her associations with the other employees, and her continuous complaints of having a nervous breakdown, as well as her absence from work from time to time.

After the hearings were completed the Workmen's Compensation Commissioner awarded the claimant a 20% permanent partial disability which was affirmed by the Workmen's Compensation Appeal Board. The only evidence given by any physician that she had any permanent partial disability as a result of the injury of April 3, 1959, was that of Dr. Armentrout, and his death made it impossible for him to be cross-examined on his report

which was filed before his death. Therefore, it was impossible to ascertain what his answers would have been if he had been advised of the previous history of the claimant's back ailments over a period of years before he examined her. The report of Dr. Armentrout, although made at the direction of the Commissioner under the authority of Code, 23-4-8, as amended, and placed in the Commissioner's file, is hearsay. *Hodges* v. *Chevrolet Motor Co.,* Mo. App., 116 S. W. 2d 170; *Atkins* v. *Graves,* Tex. Civ. App., 367 S. W. 2d 372.

It has been repeatedly held that an award of compensation cannot be made on hearsay alone. *Machala* v. *Ott, State Comp. Commr.,* 108 W. Va. 391, 151 S. E. 313; *Machala* v. *State Comp. Comr.,* 109 W. Va. 413, 155 S. E. 169; *Zion's Co-Op Institution* v. *Industrial Commission,* (Utah) 262 Pac. 99; *White* v. *American & Society,* 180 N. Y. Sup. 867; *Schnable* v. *Butterick Pub. Co.,* 212 N. Y. Supp., 111; *Belcher* v. *Carthage Machine Co.,* (N.Y.) 120 N. E. 735.

In the case of *Abbot* v. *State Compensation Commissioner,* 113 W. Va. 561, 169 S. E. 163, it was held by this Court that ex parte statements sent to the Workmen's Compensation Commissioner after the hearing had been concluded should not be considered by the Commissioner in awarding compensation. This Court stated in connection therewith that: "The underlying purpose of a hearing in compensation cases is to afford opportunity for the examination and cross-examination of witnesses."

It has been held by the Supreme Court of the United States that a fair hearing before commissions affording the opportunity to cross-examine witnesses is essential to due process of law. *Interstate Commerce Commission* v. *Louisville and Nashville Railroad Company,* 227 U.S. 88, 33 Sp. Ct. 185, 57 L.Ed 431; *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U.S. 292, 57 Sp. Ct. 724, 31 L. Ed. 1093. To the same effect is the holding in the case of *Massachusetts Bonding & Ins. Co.* v. *Industrial Accident Commission et al.* (Cal.), 170 P. 2d 36, in compensation cases.

The Pennsylvania case of *Lucas* v. *Walters Milling Co. et al.*, 176 Atl. 78, is quite similar to the case at bar. The referee, who apparently had some of the powers of our Commissioner, had the authority under the Pennsylvania statute, similar to Code, 23-4-8, to obtain doctors' reports and file them, but where the doctors who made the reports were not subject to cross-examination when desired, such reports could not be considered in connection with the awarding of compensation. To the same effect is the Arizona case of *Altman* v. *Pace et al.*, 65 P. (2d) 1164, wherein it was held that reports of physicians who examined claimants may be considered in Workmen's Compensation cases, provided opportunity, if desired, is given to cross-examine doctors making such reports.

This Court, but its prior decisions, is committed to the liberality rule in the interpretation of evidence in Workmen's Compensation cases, but the burden of establishing a claim rests upon the claimant and the liberality rule in such cases dealing with the evidence will not take the place of required proof. *Etta Meade* v. *State Compensation Commissioner*, 147 W. Va. 72, 125 S. E. 2d 771; *James W. Turner* v. *State Compensation Commissioner*, 147 W. Va. 145, 126 S. E. 2d 379; *Wayman Eady* v. *State Compensation Commissioner and Merrill Coal Company*, 148 W. Va. 5, (decided October 8, 1963).

As heretofore stated, there was no evidence taken during the hearings conducted in connection with this claim that would warrant or support the finding of the Commissioner or the Appeal Board to grant any percentage of permanent partial disability as a result of injuries reported by the claimant on April 3, 1959. The only indication of any kind to support the awarding of any permanent partial disability to the claimant is contained in the ex parte report of Dr. Armentrout, which is hearsay. The statements contained therein, which incidentally did not correspond to the testimony of the other doctors who testified in the hearings, were not subject to cross-examination. It has been repeatedly held that such ex parte statements considered alone will not warrant the granting of compensation for an injury in compensation cases. It therefore

follows that the awarding of compensation to the claimant in this case is not supported by the evidence. Therefore, this case is governed by syllabus point 2 of the case of Less Flynn v. State Compensation Commissioner, 141 W. Va. 445, 91 S. E. 2d 156, wherein it was held: "An order of the Workmen's Compensation Appeal Board, affirming an order of the State Compensation Commissioner, which is not supported by the evidence and, for that reason, is plainly wrong, will be reversed and set aside by this Court." See Carl Nottingham v. State Compensation Commissioner, 148 W. Va. 1, (decided October 1, 1963).

For the reasons stated herein, the orders of the Workmen's Compensation Appeal Board and the State Compensation Commissioner (now Director of Workmen's Compensation) are hereby reversed, set aside and remanded to the State Compensation Commissioner (now Director of Workmen's Compensation).

*Reversed; set aside*
*and remanded.*