IRA E. BUCKALEW

*v.*

STATE COMPENSATION DIRECTOR

*and*

THE DINGLE CLARK COMPANY

(No. 12394)

Submitted January 19, 1965.    Decided February 23, 1965.

*Franklin W. Kern,* for appellant.

No appearance for appellee.

HAYMOND, JUDGE:

In this compensation claim the employee, Ira E. Buckalew, who was awarded a 70% permanent partial disability on May 23, 1961, for a serious injury sustained by him on July 25, 1958, while employed by The Dingle Clark Company, of Cleveland, Ohio, filed his petition on July 2, 1964, within the time limit for that purpose, to reopen his claim on the ground of progression or aggravation of his condition since his final award which would entitle him to further compensation. The petition was accompanied by the report of his physician which stated that upon physical examination of the claimant the physician found, among other conditions, that the muscle body and strength of the claimant in both lower legs and the flexion and extension of his ankle joints have decreased. By order of July 8, 1964, the Director denied the petition of the claimant to reopen the claim and the ruling of the Director was affirmed by the Workmen's Compensation Appeal Board on November 6, 1964. From that order this Court granted this appeal upon the application of the claimant. Neither the Director nor

the employer has appeared in this appeal in this Court and the proceeding was submitted for decision upon the original record and the written brief of the attorney for the claimant.

The claimant contends that the order of the Appeal Board is erroneous in not reversing the order of the Director which refused to permit the claim to be reopened.

The claimant was injured on July 25, 1958, when struck by a motor control center during his employment by The Dingle Clark Company. In the accident he sustained a supracondylar fracture of the left femur, a compound comminuted fracture of the left and the right os calcis, a comminuted fracture of the right tibia, a right mid-foot dislocation, and a fracture of the second, third and fourth right metatarsals. He was treated on three or four occasions by a Dr. McCowen at Thomas Memorial Hospital and was required to submit to two surgical operations and to have a plaster cast on his right lower extremity for a period of approximately eleven months and afterwards to wear a brace until the spring of 1960. He was examined on August 5, 1960 by the Medical Examining Board composed of Doctors Russell Kessell, C. N. Caudill and H. A. Swart who reported a 65% disability. On September 27, 1960, the commissioner made an award of 65% permanent partial disability. The claimant protested that award and filed the reports of Doctors Harold H. Kuhn and Joseph P. Seltzer, who recommended a 70% disability. On May 23, 1961, the award of 65% permanent partial disability was set aside and vacated and the claimant was granted an award of 70% permanent partial disability which was paid in due course. During his disability the claimant has been under the care of his regular physician, Dr. Joseph A. Smith, whose report accompanies the petition to reopen the claim.

In his report Dr. Smith makes, among others, these statements:

"Mr. Buckalew was in to see me June 22, 1964 concerning the termination of his compensation case. As of July 1, 1964 I'm sure in your files you have a record of Mr. Buck-

alew's injury July 25, 1958 requiring long months of hospitalization and being off work for a total of about 26 months as he went back to work in October 1960.

"On physical examination Mr. Buckalew exhibits in his lower legs, scars from previous surgery, he also has a boney prominence in the middle of the right tibia, his muscle body and strength have decreased in both lower legs, his flexion and extension of his ankle joints have decreased, his shoes are built up ¾ inch in the heel to maintain his posture while walking, he walks with some limp and some apparent difficulty, he also exhibits a good deal of muscle weakness particularly in the aductors around the knee joint and the ankle joint."

It is obvious that reference in the foregoing report to the decrease in the muscle body and strength and in his flexion and extension of the ankle joint relates to his condition since the final award of May 23, 1961, and shows that there is progression and aggravation in his condition which if established entitles him to increased compensation under the provisions of Sections 1(a) and 1(b), Article 5, Chapter 23, Code, 1931, as amended. These statements in the physician's report are not controverted by anything to the contrary in the record. They constitute a prima facie showing of progression and aggravation and in the absence of any showing to the contrary, the adverse findings of the Director and the Appeal Board are plainly wrong.

In its opinion affirming the order of the Director the Appeal Board quotes this statement from the report of Dr. Smith: "I feel that Mr. Buckalew's compensation case should not be terminated in July this year but should be continued on an indefinite basis in case complications should develop from this severe crippling injury."; but the opinion makes no reference to the statement and evidently gave no consideration or weight to the undisputed facts which show progression and aggravation of the condition of the claimant set forth in the statement in the report that "his muscle body and strength have decreased in both lower legs and his flexion and extension of his ankle joints have decreased." These statements are not conflicting and the last mentioned

statement indicates clearly that there is progression or aggravation in the condition of the claimant which entitles him to reopen his claim.

In the recent case of *Tate* v. *State Compensation Director,* 149 W. Va. 51, 138 S. E. 2d 636, cited and relied upon by the claimant, this Court said that the statement of one of the doctors of the employer that his physical findings of the claimant were "about" the same as previously made but that the claimant had less flexibility in his back of itself indicated progression and aggravation. The statement in the report of the present claimant's physician likewise indicates progression or aggravation in the claimant's condition since his last award of 70% permanent partial disability which if proved upon the reopening of the claim will entitle him to additional compensation. This Court has held in numerous cases that in order to reverse a finding of fact by the Workmen's Compensation Appeal Board it must appear from the proof upon which the board acted that the finding in question was plainly wrong. *Tate* v. *State Compensation Director,* 149 W. Va. 51, 138 S. E. 2d 636; *Eady* v. *State Compensation Commissioner,* 148 W. Va. 5, 132 S. E. 2d 642; *Burr* v. *State Compensation Commissioner,* 148 W. Va. 17, 132 S. E. 2d 636; *Jackson* v. *State Compensation Commissioner,* 146 W. Va. 304, 119 S. E. 2d 657; *Morris* v. *State Compensation Commissioner,* 135 W. Va. 425, 64 S. E. 2d 496; *Walk* v. *State Compensation Commissioner,* 134 W. Va. 223, 58 S. E. 2d 791; *Vento* v. *State Compensation Commissioner,* 130 W. Va. 577, 44 S. E. 2d 626; *Prince* v. *Compensation Commissioner,* 123 W. Va. 67, 13 S. E. 2d 396; *Burgess* v. *State Compensation Commissioner,* 121 W. Va. 571, 5 S. E. 2d 804; *Moore* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 578, 191 S. E. 292; *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250. This Court has also held in many cases, however, that an order of the Workmen's Compensation Appeal Board, affirming an order of the State Compensation Commissioner, now Director, which is plainly wrong will be reversed and set aside by this Court. *McGeary* v. *State Compensation Director,* 148 W. Va. 436, 135 S. E. 2d 345; *Kamensky* v.

*State Compensation Commissioner,* 148 W. Va. 258, 134 S. E. 2d 582; *Hoff* v. *State Compensation Commissioner,* 148 W. Va. 33, 132 S. E. 2d 772; *Nottingham* v. *State Compensation Commissioner,* 148 W. Va. 1, 132 S. E. 2d 553; *Meade* v. *State Compensation Commissioner,* 147 W. Va. 72, 125 S. E. 2d 771; *Flynn* v. *State Compensation Commissioner,* 141 W. Va. 445, 91 S. E. 2d 156; *Morris* v. *State Compensation Commissioner,* 135 W. Va. 425, 64 S. E. 2d 496; *Walk* v. *State Compensation Commissioner,* 134 W. Va. 223, 58 S. E. 2d 791; *Miller* v. *State Compensation Commissioner,* 130 W. Va. 771, 45 S. E. 2d 249; *Estep* v. *State Compensation Commissioner,* 130 W. Va. 504, 44 S. E. 2d 305; *Manning* v. *State Compensation Commissioner,* 124 W. Va. 620, 22 S. E. 2d 299; *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250; *Wills* v. *State Compensation Commissioner,* 114 W. Va. 822, 174 S. E. 323; *Scott* v. *State Compensation Commissioner,* 112 W. Va. 608, 166 S. E. 274.

In the recent case of *Bare* v. *State Compensation Director,* 148 W. Va. 760, 137 S. E. 2d 435, in which an order of the Appeal Board reversed an award of the commissioner on the ground that such award was based on facts previously considered by the commissioner, this Court reversed the order of the Appeal Board as clearly wrong and remanded the claim to the commissioner, now Director, with directions. In the opinion in that case this Court used this pertinent language: "When a claimant makes timely application in writing for further adjustment of his claim and upon such application establishes progression or aggravation in his condition or a fact or facts not previously considered by the commissioner in his former findings which would entitle the claimant to greater benefits than he has already received, the claim should be reopened, and this Court will reverse an order of the appeal board affirming an order of the commissioner which denies a reopening of the claim. See *Johnson* v. *State Compensation Commissioner,* 128 W. Va. 37, 35 S. E. 2d 677." In the *Johnson* case this Court held in the syllabus that where a claimant in a workmen's compensation case makes timely application in writing under the provisions of Chapter 23, Article 5, Sec-

tions 1(a) and 1(b), Code, 1931, as amended, for further adjustment of his claim, and upon such application establishes a progression or an aggravation in his condition, or a fact or facts not previously considered by the commissioner in his former findings, which would entitle claimant to greater benefits than he has already received, this Court will reverse the order of the appeal board affirming the order of the commissioner which denies the reopening of the claim. The holdings of this Court in the *Bare* case and the *Johnson* case, as applied to the undisputed facts disclosed by the report of the claimant's physician, are controlling and entitle the claimant to a reopening of his claim.

This Court has also consistently held that it is the duty of the Director to construe liberally the evidence in favor of a claimant for workmen's compensation. *McGeary* v. *State Compensation Director*, 148 W. Va. 436, 135 S. E. 2d 345; *Turner* v. *State Compensation Commissioner*, 147 W. Va. 145, 126 S. E. 2d 379; *Williams* v. *State Compensation Commissioner*, 127 W. Va. 78, 31 S. E. 2d 546; *Burgess* v. *State Compensation Commissioner*, 121 W. Va. 571, 5 S. E. 2d 804.

The order of the Appeal Board of November 6, 1964, affirming the order of the Director of July 8, 1964, refusing to permit the claimant to reopen his claim, being without evidence to support it, is plainly wrong; and that order and the order of the Director are reversed and set aside and this proceeding is remanded to the Director with directions to grant the petition of the claimant to reopen his claim.

*Reversed and remanded with directions.*