MARION KENNEDY

*v.*

STATE COMPENSATION DIRECTOR

AND

ETHEL CHILTON MINES, INC.

(No. 12470)

Submitted September 7, 1965.     Decided October 12, 1965.

*Phillips & Wilson, Robert D. Phillips,* for appellant.

No appearance for appellee.

HAYMOND, JUDGE:

This is an appeal by the claimant, Marion Kennedy, from an order of the Workmen's Compensation Appeal Board, entered March 10, 1965, which affirmed an order of the State Compensation Director, now the State Workmen's Compensation Commissioner, entered August 12, 1964, by which the director held that the claimant had been fully compensated by an award of 60% permanent partial disability for the injury sustained by him on October 30, 1957. From the order of the appeal board this Court granted this appeal upon the application of the claimant.

The proceeding was heard and submitted for decision upon the record and the written brief in behalf of the claim-

ant. There was no appearance in this Court in behalf of the director or the employer, Ethel Chilton Mines, Inc.

The claimant contends that the order of the appeal board, affirming the order of the director, is not supported by the evidence, is plainly wrong and that for that reason it should be reversed and set aside by this Court.

The claimant was injured when lifting a heavy timber while working at the coal mine of the employer on October 30, 1957. The injury sustained by the claimant consisted of a ruptured intervertebral disc of his lumbo sacral spine. On August 2, 1958, a surgeon performed a laminectomy and spinal fusal. The claimant attempted to work after recovering from the operation but was unable to do so and on April 25, 1959 a surgeon performed a second operation. The claimant experienced pain in his back and was required to wear a brace to relieve that condition. On June 22, 1960, he was granted an award of 40% permanent partial disability. On January 5, 1962, he was granted an additional 10% permanent partial disability award and on January 25, 1963, he was granted another 10% permanent partial disability award, or a total of 60% permanent partial disability for his injury. Upon the application of the claimant the claim was reopened on January 3, 1964, and by order entered February 7, 1964 the director refused to grant the claimant any additional award and held that he had been fully compensated for his injury. Upon protest by the claimant the director held hearings upon the claim and by final order entered August 12, 1964 affirmed his order of February 7, 1964, and, as previously stated, the order of the director of August 12, 1964 was affirmed by the appeal board by its order of March 10, 1965.

Dr. R. L. Anderson, who had examined the claimant and reported on January 11, 1963 that the extension of the spine and pelvis of the claimant was limited to 25% and passive flexion was moderately limited and gave discomfort, after a subsequent examination, reported on February 5, 1964, that the extension of the spine and pelvis was limited to 75% and passive flexion was limited and painful. He ex-

pressed the opinion, however, after his examination in February 1964, that the claimant had been fully compensated by the award of 60% permanent partial disability.

On March 10, 1964, the claimant was examined by Dr. Lee who reported that it was doubtful that there would be any future improvement in the condition of the claimant and stated that the claimant should be awarded 80% permanent partial disability. On April 15, 1964, the claimant was examined by Dr. Jamison who expressed the opinion that the claimant had reached the maximum degree of surgical benefit and that he should be awarded an additional 10% permanent partial disability. Dr. Viscuse, the attending physician of the claimant, who examined him on December 17, 1963, recommended that the claimant be given a total permanent disability award.

From the foregoing it is clear that all of the physicians who examined the claimant, except Dr. Anderson, were of the opinion that his condition was such as to entitle him to a greater award than the 60% previously granted him, and Dr. Anderson's report shows that at the time of his examination of the claimant in February 1964 there was an increase of 50% in the limitation of his spine and pelvis over that disclosed by his earlier examination in January 1963.

It clearly appears from the evidence of the examining physicians that the condition of the claimant upon the reopening of his case was such as to entitle him to a permanent partial disability award in excess of the 60% previously awarded and for that reason the contrary finding of the director, which was affirmed by the appeal board, was not supported by the evidence and was plainly wrong.

Though the finding of the appeal board is entitled to great weight and when based on conflicting evidence will not be disturbed upon appellate review, this Court has held in many cases that an order of the Workmen's Compensation Appeal Board, affirming an order of the State Compensation Commissioner, which is plainly wrong will be reversed and set aside by this Court. *Buckalew* v. *State Compensation Director*, 149 W. Va. 239, 140 S. E. 2d 453;

*McGeary* v. *State Compensation Director*, 148 W. Va. 436, 135 S. E. 2d 345; *Kamensky* v. *State Compensation Commissioner*, 148 W. Va. 258, 134 S. E. 2d 582; *Hoff* v. *State Compensation Commissioner*, 148 W. Va. 33, 132 S. E. 2d 772; *Nottingham* v. *State Compensation Commissioner*, 148 W. Va. 1, 132 S. E. 2d 553; *Meade* v. *State Compensation Commissioner*, 147 W. Va. 72, 125 S. E. 2d 771; *Flynn* v. *State Compensation Commissioner*, 141 W. Va. 445, 91 S. E. 2d 156; *Morris* v. *State Compensation Commissioner*, 135 W. Va. 425, 64 S. E. 2d 496; *Walk* v. *State Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791; *Miller* v. *State Compensation Commissioner*, 130 W. Va. 771, 45 S. E. 2d 249; *Estep* v. *State Compensation Commissioner*, 130 W. Va. 504, 44 S. E. 2d 305; *Manning* v. *State Compensation Commissioner*, 124 W. Va. 620, 22 S. E. 2d 299; *Rasmus* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 55, 184 S. E. 250; *Wills* v. *State Compensation Commissioner*, 114 W. Va. 822, 174 S. E. 323; *Scott* v. *State Compensation Commissioner*, 112 W. Va. 608, 166 S. E. 274.

In *Walk* v. *State Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791, a permanent partial disability award by the commissioner, which was affirmed by the Workmen's Compensation Appeal Board, was not supported by the evidence and was reversed and set aside by this Court, which held in point 2 of the syllabus that "An order of the Workmen's Compensation Appeal Board, affirming an award of compensation by the State Compensation Commissioner upon a percentage basis, which is not supported by the evidence and, for that reason, is plainly wrong, will be reversed and set aside by this Court." Though such award will be reversed and set aside this Court will not direct or indicate the amount or the percentage of an award which should be made in the first instance by the commissioner, for the reason that upon the remand of the proceeding different or additional facts may be established.

As the amount of the award in this proceeding is not supported by the evidence and for that reason is plainly wrong, the order of the appeal board entered March 10, 1965 and the order of the director entered August 12, 1964 are re-

versed and set aside and this proceeding is remanded to the commissioner, formerly the director, with directions to award the claimant permanent partial disability in excess of the previously granted 60% permanent partial disability award in such amount or on such percentage basis as may be justified by the evidence.

*Reversed and remanded with directions.*