ALTA A. DEVERICK

*v.*

STATE COMPENSATION DIRECTOR,
AND LIMBACH COMPANY

(No. 12487)

Submitted September 7, 1965.    Decided October 19, 1965.

*Steptoe & Johnson, Kingsley R. Smith,* for appellant.

*Dayton, Campbell & Love, George W. S. Grove, Jr.,* for *appellee.*

CAPLAN, JUDGE:

This is an appeal by the Limbach Company, a corporation, former employer of claimant Alta A. Deverick, from a decision of the workmen's compensation appeal board of May 10, 1965, which affirmed an order of the state compensation director (now commissioner) dated December 14, 1964, holding that the claimant received a compensable injury on March 14, 1963. Upon petition by the employer an appeal was granted by this Court on July 7, 1965.

The claimant, Alta A. Deverick, was employed by the Limbach Company as a sheet metal worker on a certain construction job at the Westinghouse plant in Fairmont, West Virginia. He reported for work on March 11, 1963 and immediately engaged in the tasks assigned him. While there was much testimony as to the claimant's duties or type of work to be performed, it is generally agreed that for the first two days of this employment his work consisted principally of unloading trucks and carrying certain equipment from the basement of the building in which he was working to the first floor where certain ventilation duct work was being carried on. The claimant was sixty two years of age when he was employed, and was of slight build. He described the work he was doing as "bull gang work". While there was some difference of opinion expressed, it appears from the evidence that the loads which this claimant carried from the basement to the first floor weighed

from thirty five to sixty pounds. It is undisputed that he worked steadily and performed any task assigned to him. It is established by the evidence that the work performed by Deverick was normal for that of the average sheet metal worker.

The claimant testified that on his fourth day of work, March 14, 1963, he reported at eight o'clock and, after assisting in the unloading of a truck, was engaged with one William Henderson in installing certain ventilation ducts. He stated that he and Henderson were called off of that job and were requested to assist the team of Smith and Bailey in erecting a large duct. On this job, according to his testimony, he and Henderson helped to lift a piece of metal, weighing about three hundred pounds, from the floor up to a scaffold approximately twelve feet high, and then assisted in holding the metal up to the ceiling while it was attached by Smith and Bailey. They were assisted in lifting this metal by the use of a rope and pulley.

Mr. Henderson testified that he worked with the claimant on the Westinghouse job; that they were engaged in average sheet metal work, the materials handled by them being neither light nor heavy; and that Deverick was not required to nor did he do any work that was particularly strenuous. He further testified that he recalled having worked with Smith and Bailey on a four man team in the installation of heavy ducts but could not remember who the fourth man was. Although he could not recall the date upon which that job was done, he believed it was after the claimant had left this employment.

The evidence reveals that at about 11:25 on the morning of March 14, 1963, while the claimant was lifting certain small angle irons to Henderson, who was on a scaffold, Henderson noticed that the claimant was pale and appeared to be ill. He immediately suggested that Deverick lie down on a workbench which was near their work area. The claimant did lie down and indicated that he felt a numbness in his left leg and realized that he could not move it in the usual manner. The plant nurse was called and within

a short time an ambulance took the claimant to the Fairmont General Hospital.

Upon arrival at the hospital the claimant was treated by Doctor S. W. Parks. On form C. D. 7, Physician's Preliminary Report to the workmen's compensation commissioner, the diagnosis of injury was listed as "cerebral thrombosis while on job". In response to the question on that form "Is claimant suffering with any acute or chronic disease which will, in your opinion, retard recovery from this injury?", Doctor Parks wrote, "Arteriosclerosis". There is no testimony in the record of this proceeding by Doctor Parks or by any other physician.

The claimant testified that so far as he knew he had been in good health prior to this occurrence and had worked regularly when work was available. He had not, however, worked for approximately eight months prior to this employment because no work was available.

On July 29, 1963 the claimant filed an application for benefits under the workmen's compensation act. The director, by an order dated August 22, 1963, held the injury compensable. Thereafter the employer filed its protest to such holding and hearings were held. At the conclusion of the hearings the director affirmed his original order and an appeal was taken to the appeal board. The appeal board having affirmed the ruling of the director, a reversal thereof is here sought.

The issue raised in this proceeding is one of compensability. That is, whether the claimant received a personal injury in the course of and resulting from his employment. It is undisputed that the disability suffered by the claimant occurred in the course of his employment. The only question to be resolved here, therefore, is whether such disability resulted from his employment.

It is the position of the employer that proof of compensability has not been established for the reason that there is no medical testimony in the record showing any connection, causal or otherwise, between the cerebral thrombosis and the claimant's employment. It concludes, therefore,

that the claimant has failed to prove that his disability resulted from his employment.

Code, 1931, 24-4-1, as amended, provides: "* * * the commissioner shall disburse the workmen's compensation fund to the employees * * * which employees shall have received personal injuries in the course of and resulting from their employment in this State * * *." Under the provisions of this statute it is incumbent upon the claimant to prove that an injury for which he seeks compensation occurred in the course of and as a result of his employment. *Hayes* v. *State Compensation Director, et al.*, 149 W. Va. 220, 140 S. E. 2d 443. While the *Hayes* case differs factually from the instant case, the decision therein unquestionably stands for the proposition that an award of compensation can not be made unless it is supported by satisfactory proof that the workman sustained a personal injury in the course of and as a result of his employment.

What does this record show regarding proof that the disability suffered by this claimant resulted from his employment? Only lay witnesses testified at the hearings. No one, including the claimant, testified that the claimant did any work that was out of the ordinary or unusual for the average sheet metal worker. Even the testimony of the claimant did not reveal a single event which brought on his disability. Admittedly, he was performing light work when he became ill. Taking all of the evidence into consideration, we can only conclude that the claimant suffered a cerebral thrombosis while engaged in his usual employment. This is not sufficient to establish compensability. There must be proof that such disability resulted from his employment.

As heretofore noted, no medical evidence was produced to show that there was any causal connection between the cerebral thrombosis suffered by the claimant and his employment. Without such evidence in a case of this nature a finding that there was a causal connection between the disability and the employment can be based only upon speculation. Medical evidence may not be required in every compensation case, but where a disability such as a cerebral

thrombosis occurs such evidence is required to establish the necessary causal connection. Several cases have been cited wherein a claim has been held compensable when the claimant was stricken in the course of his employment by a heart attack, cerebral hemorrhage, heat prostration or extreme exhaustion. In each of those cases the decision was based on medical evidence which established a causal connection between the disability and the employment of the claimant. The instant case is totally lacking in medical evidence which readily distinguishes it from the cited cases.

It is contended by the claimant that under the liberality rule the evidence in this case is sufficient to support his claim of compensability. While evidence is construed liberally in favor of a claimant in a compensation case, the claim nontheless must be supported by proof. In this regard our Court said in *Machala* v. *Ott, Compensation Commissioner*, 108 W. Va. 391, 151 S. E. 313: "While it is the purpose of the Workmen's Compensation law that it shall be liberally interpreted and benignly applied for the benefit of injured workmen and their dependents, it does not follow that awards should be made out of the fund unless there be a satisfactory and convincing showing that the injury complained of was actually received by the employee in the course of his employment." This statement, we believe, is equally applicable in establishing that a disability resulted from the claimant's employment.

The claimant relies heavily on the decision of this Court in *Pannell* v. *State Compensation Commissioner, et al.*, 126 W. Va. 725, 30 S. E. 2d 129. Therein Pannell suffered a cerebral hemorrhage in the course of his employment in a coal mine and died as the result thereof. The evidence in that case showed that the deceased, while working at what was termed a dead end, broke into an abandoned mine from which flowed air or carbon dioxide. Almost immediately the workman was stricken. During the hearings of that case physicians testified that the effect of contact with carbon dioxide is to raise the blood pressure which could certainly cause the bursting of a blood vessel.

The *Pannell* case is readily distinguishable from the case now before us. There, in addition to the finding of a single fortuitous event which could have caused the disability, medical testimony established a causal connection between such disability and the workman's employment. In the instant case there is no medical evidence which even tends to establish such causal connection.

In the present state of this record we do not believe it has been established by proof that the claimant suffered a cerebral thrombosis as a result of his employment. It has been held repeatedly that an order of the workmen's compensation appeal board which is not supported by the evidence and which, for that reason, is clearly wrong will be reversed by this Court on appeal. *Kennedy* v. *State Compensation Director,* 150 W. Va. 132, 144 S. E. 2d 509; *Hayes* v. *State Compensation Director, et al.,* 149 W. Va. 220, 140 S. E. 2d 443; *Buckalew* v. *State Compensation Director,* 149 W. Va. 239, 140 S. E. 2d 453; *Walk* v. *State Compensation Commissioner,* 134 W. Va. 223, 58 S. E. 2d 791.

For the reasons stated herein the order of the appeal board is reversed and the decision of this Court will be certified to the appeal board and to the commissioner.

*Reversed.*