# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BIMBO BAKERIES, USA,**
**Employer below, Petitioner**

**vs.)    No. 22-ICA-119    (JCN: 2020017396)**

**OMER HAWKINS,**
**Claimant below, Respondent**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bimbo Bakeries, USA ("Bimbo Bakeries") appeals the August 22, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Omer Hawkins filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the October 19, 2021, order of the claim administrator and holding the claim compensable for degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed and remanded with directions.

On January 14, 2020, Mr. Hawkins, a Bimbo Bakeries truck driver, experienced pain in his neck and back, radiating down his left shoulder and left leg, while picking up a stack of bread trays at work. Mr. Hawkins presented to MedExpress on the same day and was diagnosed with sciatica of the right side and radiculopathy of the cervical region. He subsequently filed a workers' compensation claim against Bimbo Bakeries.

On February 5, 2020, the claim administrator authorized MedExpress's request for up to twelve physical therapy appointments, an MRI of the lumbar spine without contrast,

---

[1] Petitioner is represented by Jane Ann Pancake, Esq. and Jeffery B. Brannon, Esq. Respondent is represented by Patrick K. Maroney, Esq.

1

and an MRI of the cervical spine without contrast. On February 27, 2020, the claim administrator also authorized MedExpress's request for referral to a neurosurgeon.[2]

On March 3, 2020, Mr. Hawkins was seen by John R. Orphanos, M.D. After reviewing Mr. Hawkins's MRIs, Dr. Orphanos's initial impression was lumbar spondylosis, spinal stenosis in cervical region, and degeneration of cervical intervertebral disc and osteophyte of cervical vertebra. Dr. Orphanos recommended conservative pain management methods, such as injections for neck and low back pain. If Mr. Hawkins's symptoms did not improve, Dr. Orphanos recommended a 3-level cervical spinal fusion surgery. On April 29, 2020, the claim administrator suspended Mr. Hawkins's temporary total disability ("TTD") benefits based on an April 27, 2020, report from Paul Bachwitt, M.D., that indicated Mr. Hawkins had reached maximum medical improvement ("MMI") as related to the work injury.[3] On November 25, 2020, Mr. Hawkins followed up with Dr. Orphanos. Dr. Orphanos's impression was, again, degeneration of cervical intervertebral disc and osteophyte of cervical vertebra and spinal stenosis in cervical region. On December 15, 2020, Dr. Orphanos submitted a Diagnosis Update with these diagnoses. He also noted that Mr. Hawkins continued to have pain in his neck due to his work injury.

By order dated October 19, 2021, the claim administrator rejected the Diagnosis Update for degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis in cervical region, concluding that these conditions were not causally related to Mr. Hawkins's work injury. Mr. Hawkins protested. Bimbo Bakeries presented no evidence or argument in response and was not represented before the Board. Mr. Hawkins was deposed on February 16, 2022, and testified that he had never been diagnosed with degenerative disc disease or had any neck or spinal problems prior to his injury. He also submitted the medical reports of Dr. Orphanos to support his claim.

By order dated August 22, 2022, the Board reversed the claim administrator's order, holding compensable the diagnoses of degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis. The Board found that the diagnoses were compensable because Mr. Hawkins submitted medical evidence in support of the request, and Bimbo Bakeries submitted no evidence or argument to rebut it.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] There is no indication in the record as to when Mr. Hawkins's claim was initially held compensable or what his initial diagnoses were. The claim administrator's order regarding this was not submitted to this Court.

[3] Dr. Bachwitt's report was not submitted to this Court.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Bimbo Bakeries argues that the Board erred in reversing the claim administrator's order and holding the claim compensable for degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis. Bimbo Bakeries reasons that, in workers' compensation cases, a claimant bears the burden of proof in establishing a claim. Thus, Bimbo Bakeries argues that the Board's conclusion that Mr. Hawkins's conditions were compensable because Bimbo Bakeries did not submit evidence was an erroneous conclusion of law.[4] Further, Bimbo Bakeries contends that Mr. Hawkins did not establish that the claim at issue was received in the course of and resulting from his employment. Bimbo Bakeries reasons that osteophytes are bone spurs that develop over

---

[4] Bimbo Bakeries also argues that its lack of representation before the Board was a violation of the employer's due process rights in this claim because the Board did not have full and complete development of the record for its decision. "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard." Syl. Pt. 1, *Layne v. W. Va. Child Support Enforcement Division*, 205 W. Va. 353, 518 S.E.2d 357 (1998). Here, Bimbo Bakeries did not give any explanation as to why it was not represented before the Board or why it did not present any evidence refuting Mr. Hawkins's claim. It does not assert that it was not given notice or an opportunity to be heard before the Board or that some event or circumstance prevented it from participating. Further, Mr. Hawkins correctly argues that Bimbo Bakeries had the opportunity to find representation while the case was pending before the Board. Its failure to obtain representation would not constitute a violation of its due process rights. Thus, there is no indication in the record that the Board violated Bimbo Bakeries's due process rights in any way.

time in persons with arthritis or joint damage, and cervical spinal stenosis is generally a condition that happens over time when your spinal canal narrows. Therefore, these conditions could not be due to lifting bread trays at work. Additionally, Bimbo Bakeries notes that Mr. Hawkins's TTD benefits were suspended following Dr. Bachwitt's evaluation. Mr. Hawkins's benefits would not have been suspended had he not reached MMI; thus, Bimbo Bakeries argues that it can be inferred that Dr. Bachwitt did not believe degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis were due to the work injury.

Mr. Hawkins argues that the Board correctly weighed the evidence in adding degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis. He also contends that he had no cervical or lumbar back problems before the workplace injury, and there was no medical evidence submitted to show that he had these issues as pre-existing conditions. Accordingly, Mr. Hawkins argues that he established that the diagnoses were a direct result of and causally connected to his employment.

After review, we find that the Board was clearly wrong in concluding that Mr. Hawkins's claim was compensable simply because he submitted evidence in support of the claim, and Bimbo Bakeries did not. "In order to establish compensability, an employee who suffers a disability in the course of his employment must show by competent evidence that there was a causal connection between such disability and his employment." Syl. Pt. 3, *Deverick v. State Workmen's Comp. Dir.*, 150 W. Va. 145, 144 S.E.2d 498 (1965). A claimant, such as Mr. Hawkins, has the burden of proving his or her claim regardless of the evidence, or lack thereof, submitted by the employer. Here, Mr. Hawkins's evidence had to be sufficient to prove his claim, irrespective of the actions or inactions of Bimbo Bakeries. Thus, the Board's conclusion that Mr. Hawkins's claim was compensable simply because Bimbo Bakeries did not present evidence refuting it was reversible error.

Moreover, we remind the Board of its obligation to independently make appropriate findings of fact and apply them to the governing law. The Board cannot accept any claim simply because the responding party fails to participate. Therefore, the Board erred by failing to appropriately apply its findings of fact to the law simply because Bimbo Bakeries did not submit any evidence or argument.

It is not clear whether or not Mr. Hawkins has met his burden of proving that degeneration of cervical intervertebral disc and osteophyte of cervical vertebrae and spinal stenosis are compensable conditions. The Supreme Court of Appeals of West Virginia has held that "[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable." Syl. Pt. 3, *Gill v. City of Charleston*, 236 W. Va. 737, S.E.2d 857 (2016). Additionally, the Court has held that "[a] claimant's disability will be presumed to

have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer." Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, ___ W. Va. ___, 879 S.E.2d 779 (2022). Degeneration of intervertebral discs, osteophytes of vertebrae, and spinal stenosis are generally degenerative, preexisting conditions. Thus, the Board is obligated to determine if Mr. Hawkins has met his burden of proving that these conditions are new, discreet injuries, resulting from his workplace injury and if there is sufficient evidence to show a causal relationship between the injury and these conditions.

Accordingly, we reverse the Board's August 22, 2022, order and remand this claim to the Board with directions to issue an order making appropriate findings of facts and conclusions of law as to the compensability of this claim. If it is not possible to do so based upon the record, the Board may hold a new hearing and allow the parties to submit additional evidence.

Reversed and Remanded with Directions.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5