IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RYAN MARSTILLER,**
**Claimant Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-119**        (JCN: 2022019803)

**MASTERS OF DISASTERS, LLC,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Ryan Marstiller appeals the February 28, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Masters of Disasters, LLC ("MOD") filed a timely response.[1] Mr. Marstiller did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied compensability for the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 29, 2021, while employed as a driver for MOD, Mr. Marstiller alleges that he injured his right shoulder when he was removing a pin to release a trailer. Mr. Marstiller continued working and reported his injury on February 18, 2022. Mr. Marstiller had previously suffered and received treatment for right shoulder, neck, and back pain in May 2020. He also received treatment for lower back and right shoulder pain from July 2021 to August 2021 from Elkins Physical Therapy & Sports Injury Clinic after a fall.

Mr. Marstiller was seen by Gobind Singh, M.D., on January 5, 2022. The notes from this visit do not include any reference to a work injury on September 29, 2021. Dr. Singh opined that Mr. Marstiller's right shoulder pain was related to "arthritis and/or right rotator cuff dysfunction.' Mr. Marstiller underwent an MRI of the right shoulder on January 19, 2022. The MRI revealed a suspected partial-thickness, under-surface tear of the

---

[1] Mr. Marstiller is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. MOD is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

supraspinatus and infraspinatus tendons, with a questionable tear of the anterior/superior aspect of the glenoid labrum.

On February 14, 2022, Mr. Marstiller was seen by Joshua Sykes, M.D. Mr. Marstiller reported a fall at work in February 2021 and stated that he had suffered right shoulder pain since the fall, but that it had progressively worsened since September 2021. Dr. Sykes reviewed the January 2022 MRI and new x-rays, which revealed moderate degenerative changes of the glenohumeral and acromioclavicular joints. Mr. Marstiller underwent right shoulder surgery on March 10, 2022, and was unable to return to work until further evaluation. Dr. Sykes' post-operative diagnosis was right rotator cuff tear and biceps tendonitis.

Mr. Marstiller signed a WC-l claim form on February 18, 2022, and the form was signed by Dr. Sykes on March 7, 2022. Dr. Sykes did not indicate that the injury occurred as a result of an occupational injury on the claim application form. MOD completed an Employer's Report of Occupational Injury or Disease form on March 1, 2022, and indicated that it was notified of the injury on February 18, 2022.

On April 28, 2022, Rebecca Thaxton, M.D., drafted a Physician Review report. Dr. Thaxton reviewed Mr. Marstiller's medical records, including records indicating he reported a fall in February 2021 and had subsequent treatment for his neck, low back, and shoulder. Dr. Thaxton found that the evidence did not support Mr. Marstiller's claim of an occupational injury on September 29, 2021.

Mr. Marstiller returned to work on modified duty in June 2022. He was deposed on August 11, 2022, wherein he testified that he did not seek medical treatment or report his injury until months later because he was afraid of retaliation and hoped that his injury would not be serious. Mr. Marstiller denied injuring his right shoulder in February 2021 and stated that he had not had problems with his right shoulder prior to his injury in September 2021.

On February 28, 2023, the Board issued an order affirming the claim administrator's order which denied the compensability of this claim. The Board found that Mr. Marstiller had not established that he sustained an injury in the course of and resulting from his employment. Mr. Marstiller now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Marstiller argues that he was misquoted by Dr. Singh when describing his alleged September 2021 injury, which should not weigh against him. Mr. Marstiller further argues that he filed his claim within the statutory filing time limit, thus, his delay in filing should not weigh against his claim. We disagree.

The Supreme Court of Appeals of West Virginia has held that, "[i]n order to establish compensability an employee who suffers a disability in the course of his employment must show by competent evidence that there was a causal connection between such disability and his employment." Syl. Pt. 3, *Deverick v. State Workmens' Comp. Comm'r*, 150 W. Va. 145, 144 S.E.2d 498 (1977).

Here, the Board found that Mr. Marstiller failed to establish by competent evidence that he suffered an occupational injury on September 29, 2021. The Board noted that Dr. Sykes did not reference any occupational injury on the WC-1 form or in any treatment records. The Board further determined that Mr. Marstiller's failure to report the injury within a reasonable time dilutes the credibility of his claim.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Marstiller failed to establish by competent evidence that he suffered an occupational injury on September 29, 2021. Further, we find that although Mr. Marstiller filed his claim within the statutory time frame, his testimony regarding his injuries and treatment is inconsistent with his medical records. His fall in February 2021 and subsequent treatment for that injury was documented in records from Dr. Singh and Elkins Physical Therapy & Sports Injury Clinic. Mr. Marstiller's inconsistent statements were found to be not credible by the Board and do not support his assertion that he suffered a right shoulder injury in the course of and as a result of his employment.

Finding no error in the Board's February 28, 2023, order, we affirm.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating