# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Tracey N. Lambert,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0868**    (BOR Appeal No. 2056441)
                            (Claim No. 2021004989)

**Contura Energy, Inc.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tracey N. Lambert appeals the West Virginia Workers' Compensation Board of Review ("Board of Review") order dated September 23, 2021, and Respondent Contura Energy, Inc., filed a timely response.[1] The Board of Review affirmed the February 8, 2021, Final Decision of the Workers' Compensation Office of Judges ("Office of Judges"), which affirmed the claims administrator's order dated October 27, 2020, rejecting the claim. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review is appropriate. *See* W. Va. R. App. P. 21.

Mr. Lambert alleges that he injured his left knee in the course of and resulting from his employment on July 18, 2020. An August 31, 2020, MRI revealed degenerative signal changes within the medial meniscus with a tear and small joint effusion. Minimal patellofemoral cartilage degenerative changes were reported as well as minimal degenerative changes involving Mr. Lambert's medial compartment articular cartilage and his lateral compartment articular cartilage. According to his claim application dated September 14, 2020, he described the mechanism of injury as: "Working at a belt head. Was stepping across when knee locked up and fell off balance." The physician's section of the claim application was completed by a medical provider at MedExpress Urgent Care, who indicated that Mr. Lambert sustained an occupational injury to his left knee with a diagnosis of meniscus derangements, posterior horn of medial meniscus of the left knee, and a sprain of an unspecified site of the left knee.

Although Mr. Lambert denies any prior history of left knee injuries or complaints, his medical records show that he reported two left knee injuries that predated the injury of July 18, 2020.[2] In September 2019, he injured his left knee when he fell and suffered trauma to the anterior

---

[1] Petitioner Lambert is represented by Michael E. Froble, and Respondent Contura Energy, Inc., is represented by H. Dill Battle III.

[2] The record contains progress notes from the Veterans Administration Medical Center ("VAMC") dated August 23, 1999, when Mr. Lambert, who is a veteran, presented with

of his left knee. The September 2019 incident was reported to his employer and an accident report was created; however, Mr. Lambert did not seek any medical treatment for the injury. In June 2020, he "tweaked" his left knee when he slipped after stepping in a deep mud hole. On July 7, 2020, when Mr. Lambert presented for a follow-up examination of his left knee condition, he was wearing a knee brace and stated that he "messed up" his knee at work while working in mud and sludge. He experienced left knee pain and swelling following the incident, but he did not file a workers' compensation claim for the injury.

Mr. Lambert had an orthopedic surgical consultation with John E. Traynham, M.D., on August 19, 2020, for recurrent pain and catching in his medial left knee. Dr. Traynham noted that he has had two injuries to his left knee. The first injury occurred in September 2019 when Mr. Lambert experienced direct trauma anteriorly from a fall after getting his feet tangled in a feeder cable. Mr. Lambert had a repeat injury in June 2020 when he slipped in the mine after stepping in a hole. Mr. Lambert explained that he feels a catching sensation in his knee primarily in the medial joint, and experiences swelling. Dr. Traynham diagnosed Mr. Lambert with suspected internal derangement of the left knee with a probable medial meniscal tear. An MRI was ordered for further evaluation of the Mr. Lambert's left knee.

Dallas McCracken, PA, prepared a report dated September 11, 2020, stating that the MRI confirmed Dr. Traynham's suspicion of a medial meniscus tear. Mr. Lambert's name was placed on the surgical schedule for left knee arthroscopy. In an Orthopedic Outpatient Progress Note dated September 15, 2020, Dr. Traynham indicated that Mr. Lambert's MRI was significantly positive for a degenerative tear in the medial meniscus associated with a popliteal cyst. Dr. Traynham found effusion in the right knee without instability and a medial meniscal tear of the left knee. Mr. Lambert was unable to squat and kneel due to discomfort. Dr. Traynham diagnosed a suspected internal derangement of the left knee with probable medial meniscal tear and an MRI was ordered to further evaluate and confirm the pathology.

On October 27, 2020, the claims administrator denied Mr. Lambert's application for workers' compensation benefits. The order stated, "Per review of prior records, the knee injury is pre-existing." Mr. Lambert protested the claims administrator's decision and filed an Employer Report of Injury dated September 12, 2020, completed by Michael Stover, safety representative. The report indicated that "while greasing a feeder, feet got tangled in feeder cable slack causing employee to fall." On December 2, 2020, Mr. Lambert filed the Employer Report of Injury dated July 20, 2020, completed by Bobby Stokes, mine foreman, with Chris Boulet and John Workman listed as individuals participating in the investigation. The nature and cause of the accident stated, "while hanging gob switches in the rock box employee felt a pop in his knee causing him to slip and fall off a tailpiece."

---

complaints of pain in his right knee, hip, and low back. He reported that both of his knees were bothering him; however, the right knee was bothering him more than the left. He initially injured his right knee while stationed in the Persian Gulf. Mr. Lambert was diagnosed with chronic right sciatica, chronic bursitis of the right hip, and patellofemoral chondromalacia.

In an independent medical evaluation report dated December 29, 2020, Marsha L. Bailey, M.D., noted Mr. Lambert's prior medical history and the alleged mechanism of injury. Mr. Lambert reported that he planted his leg and felt a pop in his left knee, which caused him to lose his balance. He fell three feet off of the tail piece of a belt structure and struck the front portion of his body, including his abdomen and knees on the floor of the mine. Mr. Lambert stated that he did not slip, twist, or misstep prior to the fall. He was able to get up off the ground without assistance. After a physical examination, Dr. Bailey diagnosed Mr. Lambert with chronic left knee pain and degenerative joint disease, which are solely the result of his preexisting, degenerative, and normal age related changes. Although Mr. Lambert denied any prior history of left knee injuries or complaints, Dr. Bailey stated that the medical records from VAMC, including Dr. Traynham's records dated August 19, 2020, noted his active problems and a diagnosis of chondromalacia patella which is a degenerative softening of the knee cartilage around the patella. Dr. Bailey reported that Mr. Lambert's longstanding left knee complaints and degenerative joint disease became increasingly more symptomatic over the last year which led him to seek evaluation and treatment from the VAMC. Dr. Bailey opined that Mr. Lambert's conditions are solely the result of his preexisting and age related changes, and she concluded that stepping and planting a leg and foot is not an activity that is unique to his workplace. It was Dr. Bailey's opinion that Mr. Lambert did not sustain a left knee injury in the course of and resulting from his employment on July 18, 2020.

Mr. Lambert was deposed on January 7, 2021, and testified that he injured his left knee at work on July 18, 2020, while installing tilt switches on the outside of a rock box. As he was crossing the top of the tailpiece, which entails stepping across two pieces of metal with a two-foot void in the middle where the belt rubber runs through the tailpiece, he took a step. When he planted his left foot on the ground after stepping over the tailpiece, he felt his left knee pop and give out, causing him to lose his balance and fall. Mr. Lambert continued working, but he soon developed left knee pain and reported the injury to his foreman, Bobby Stokes. He sought treatment at MedExpress a few days later and eventually went to the VAMC for his left knee pain. When questioned about his history of back problems, Mr. Lambert stated that he was having right knee problems in 1999 due to hip and lower back pain. However, he denied having left knee issues at that time. In September 2019, Mr. Lambert injured his left knee when he fell at work because his feet became tangled in a cable at work. He filed an accident report for that injury, but not a workers' compensation claim. Mr. Lambert "tweaked" his left knee on June 24, 2020, while stepping in a puddle of water at work. Once again, he did not file a workers' compensation claim for the June 24, 2020, injury, but he did seek medical treatment at MedExpress.

In a Decision dated February 8, 2021, the Office of Judges affirmed the October 27, 2020, rejection of the claim and concluded that Mr. Lambert has failed to show by a preponderance of the evidence that he sustained a compensable injury as a result of his employment. The Office of Judges reasoned that the weight of the evidence establishes that Mr. Lambert's left knee meniscal tear is, more likely than not, due to a noncompensable, preexisting degenerative condition. Specifically, the Office of Judges stated:

> The only left knee MRI of record revealed degenerative changes in the medial meniscus, the patellofemoral cartilage, and the medial and lateral compartment

3

articular cartilage. Considering that the MRI was performed less than two months after the July 18, 2020 injury, it is reasonable to presume that the degenerative changes seen on the September 3, 2020 MRI predated the incident of July 18, 2020. Furthermore, Dr. Traynham characterized the claimant's meniscal tear as a "degenerative" tear, and Dr. Bailey specifically opined that the claimant's left knee pathology was due to pre-existing degenerative joint disease as opposed to a new injury.

The Office of Judges noted that the record also establishes that Mr. Lambert's left knee was symptomatic prior to the reported incident of July 18, 2020. In fact, the Office of Judges determined that he was having problems with his left knee as early as 1999, and he was seeking medical treatment for left knee pain two weeks prior to July 18, 2020. When considering the evidence in conjunction with the reported mechanism of injury, the Office of Judges found that Mr. Lambert's current left knee pathology is most likely related to the preexisting degenerative conditions noted by Drs. Traynham and Bailey. In an order dated September 23, 2021, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision to reject the claim.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal, Mr. Lambert argues that he has established his burden of proving that he sustained a compensable injury in the course of and resulting from his employment and that he is entitled to a reversal of the Board of Review's decision dated September 23, 2021. Contura Energy, Inc., argues that the Office of Judges's decision is not clearly wrong in view of the reliable, probative, and substantial evidence, and was properly affirmed by the Board of Review.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A claimant must establish compensability through competent evidence demonstrating that he or she suffers from a disability incurred in the course of and resulting from his or her employment and that there is a causal connection between the disability and the employment. *Deverick v. State Compensation Director,* 150 W. Va. 145, 144 S.E.2d 498 (1965). The evidence of records shows that Mr. Lambert has longstanding preexisting knee issues, and he received treatment from both private medical providers and through the VAMC for service-connected disabilities. The Office of Judges did not err in finding that Mr. Lambert's current left knee pathology is most likely related to the preexisting degenerative conditions noted by Drs. Traynham and Bailey. The evidentiary record supports the Board of Review's Order dated September 23, 2021.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn