# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SUSAN M. BREEDEN-ADKINS,**
**Claimant Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-230**          (JCN: 2019025389)

**INSPERITY SERVICES, L.P.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan M. Breeden-Adkins appeals the May 7, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Insperity Services, L.P., ("Insperity") timely filed a response.[1] Ms. Breeden-Adkins did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied additional conditions to the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Breeden-Adkins sustained a work-related injury while employed by Insperity on June 4, 2019, when she was leaving a client's residence and an animal ran through her feet, which knocked her off balance. Ms. Breeden-Adkins fell, striking her chin on the inside of her vehicle, and snapping her head backward.[2]

On June 17, 2019, the claim administrator issued an order holding Ms. Breeden-Adkins' claim compensable for strain of the neck and concussion without loss of consciousness.

---

[1] Ms. Breeden-Adkins is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Insperity is represented by Jeffrey B. Brannon, Esq.

[2] The Employees' and Physicians' Report of Occupational Injury for Ms. Breeden-Adkins' claim was not included in the record on appeal.

1

On February 28, 2020, Joseph Grady II, M.D., performed an independent medical evaluation of Ms. Breeden-Adkins. Ms. Breeden-Adkins reported persistent problems with neck pain, difficulty with headaches, and problems with ringing in her ears. Dr. Grady assessed status post-concussion without loss of consciousness, reported history of posttraumatic tinnitus, cervical myofascial sprain, and reported history of bilateral hand paresthesia, intermittent. Dr. Grady opined that Ms. Breeden-Adkins was not at maximum medical improvement ("MMI"), and recommended a cervical MRI, further follow up with a neurologist, and an ear, nose, and throat specialist for tinnitus.

On April 28, 2020, the claim administrator issued an order which granted Ms. Adkins a 9% permanent partial disability ("PPD") award.

On July 16, 2020, Ms. Breeden-Adkins was seen by Mintie Pritchard, a physician's assistant ("PA") at Plateau Medical Group Multispecialty Center. PA Pritchard assessed cervical nerve root compression, whiplash injury to the neck, and a cervical anterior longitudinal ligament sprain. PA Pritchard noted that Ms. Breeden-Adkins had been off work for a year and was seeing a chiropractor. Ms. Breeden-Adkins followed up with PA Pritchard on September 10, 2020, who assessed cervical nerve root compression, headache, whiplash injury to the neck, and neck strain. Ms. Breeden-Adkins was again seen by PA Pritchard on October 9, 2020, who assessed GERD, headaches, post-concussion syndrome, thoracic strain, and neck strain.

Ms. Breeden-Adkins' thoracic MRI of February 11, 2021, revealed a central disc protrusion at T7-T8 without spinal canal stenosis or foraminal narrowing. A cervical MRI on the same date showed a loss of cervical lordosis, and shallow central disc protrusions at C3-C4, and C5-C6.

On April 12, 2021, Ms. Breeden-Adkins was seen by Lana Christiano, M.D., at West Virginia OrthoNeuro. Ms. Breeden-Adkins reported spine pain and bilateral upper and lower extremity pain. Dr. Christiano opined that Ms. Breeden-Adkins was neurologically intact and not myelopathic. She recommended continuation of conservative care.

In a letter dated July 19, 2021, PA Pritchard stated that Ms. Breeden-Adkins suffered a whiplash injury on June 4, 2019, that she was treated at the Plateau Medical Group since her injury, and that a head CT in November 2019 showed a concussion. Further, PA Pritchard stated that Ms. Breeden-Adkins requested an MRI of her neck due to the pain that she was having, but that the neurologist did not recommend an MRI. PA Pritchard opined that Ms. Breeden-Adkins had not reached MMI because her care has been inadequate due to the management of her workers' compensation claim.

An Office of Judges ("OOJ") decision, dated April 28, 2022, reversed the claim administrator's order of August 28, 2020, which granted Ms. Breeden-Adkins a 9% PPD

award. The OOJ described Ms. Breeden-Adkins' injury as a work-related head injury that occurred as she was leaving a client's residence when an animal ran through her feet, knocked her off balance, and she fell, striking her chin on the inside of her open vehicle and snapping her neck backward. The OOJ remanded the claim to the claim administrator for an independent medical evaluation ("IME"), to consider the cervical and thoracic MRIs and to determine the whole person impairment ("WPI") for all of the compensable conditions. This decision was affirmed by the Board on October 21, 2022.

On October 6, 2023, Prasadarao Mukkamala, M.D., performed an additional IME of Ms. Breeden-Adkins. Ms. Breeden-Adkins reported muscle spasms in the neck and back, dizziness, tinnitus, numbness over the face and lips, and stiffness in her neck. Dr. Mukkamala opined that Ms. Breeden-Adkins had reached MMI for the compensable conditions of cervical strain and concussion with no loss of consciousness. Further, Dr. Mukkamala reviewed the cervical and thoracic MRIs of February 11, 2021, and concluded that the only changes seen were naturally occurring and unrelated to the compensable injury.

On December 23, 2023, the claim administrator issued an order which denied any additional compensable conditions in the claim following a review of the February 11, 2021, MRIs of the cervical and thoracic spine. The claim administrator found that the MRIs did not reveal any conditions that were causally related to the compensable injuries in the claim. Ms. Breeden-Adkins protested this order.

Ms. Breeden-Adkins was deposed on February 14, 2024, and testified that she was injured on June 4, 2019, when "something from underneath the vehicle" knocked her off her feet and into the vehicle. Further, Ms. Breeden-Adkins testified that she had post-concussion treatment, physical therapy, and chiropractic adjustments, and that she returned to work on August 21, 2023. Finally, Ms. Breeden-Adkins stated that she believes her tinnitus and cervical and thoracic herniated discs should be compensable.[3]

On May 7, 2024, the Board issued an order affirming the claim administrator's order, which found that there were no additional compensable conditions in the claim. The Board noted that Dr. Mukkamala stated in his IME report that the compensable conditions are a cervical strain and a concussion without loss of consciousness. Further, the Board noted that Dr. Mukkamala reviewed the cervical and thoracic MRIs dated February 11, 2021, and opined that the changes in the cervical and thoracic spine are naturally occurring and not related to the compensable conditions in this claim. The Board stated that although

---

[3] Although Ms. Breeden-Adkins indicated in her testimony that she believed that tinnitus and cervical and thoracic herniated discs should be compensable conditions in the claim, she did not formally request the addition of these conditions through a written request, complete a Diagnosis Update form, or submit medical evidence to support this assertion.

Ms. Breeden-Adkins requested in her February 14, 2024, deposition for tinnitus and herniated cervical and thoracic discs to be added as compensable conditions, she did not provide any medical evidence that these conditions are related to the compensable injuries. It is from this order that Ms. Breeden-Adkins now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law.
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Ms. Breeden-Adkins argues that the Board was clearly wrong in finding that the conditions of tinnitus, vertigo, and disc protrusions at C3-C4, C5-C6, and T7-T9 are not compensable conditions. Further, Ms. Breeden-Adkins asserts that the disc bulges observed through the MRI on February 11, 2021, were the result of her compensable injury despite Dr. Mukkamala's findings, as there is no direct evidence to support a finding that they preexisted her compensable injury. We disagree.

Three elements must coexist in order for a claim to be held compensable: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, "[i]n order to establish compensability an employee who suffers a disability in the course of his employment must show by competent evidence that there was a causal connection between such disability and his employment." Syl. Pt. 3, *Deverick v. State Comp. Dir.*, 150 W. Va. 145, 144 S.E.2d 498 (1965).

Upon review, we conclude that the Board's finding that Ms. Breeden-Adkins has no additional compensable conditions in the claim is supported by the record. As noted by the

4

Board, Ms. Breeden-Adkins asked that tinnitus and herniated cervical and thoracic discs be added as compensable conditions during her deposition, but she did not provide any medical evidence that these conditions are related to her compensable injuries of June 4, 2019. Further, the Board noted that Dr. Mukkamala reviewed the cervical and thoracic MRIs dated February 11, 2021, and opined that the changes in the cervical and thoracic spine were naturally occurring and not related to the compensable conditions in this claim. Based on the foregoing, we conclude that the Board was not clearly wrong in affirming the claim administrator's order, which denied any additional compensable conditions in the claim.

Accordingly, we affirm the Board's May 7, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear