IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEITH JENKINS, JR.,**
**Claimant Below, Petitioner**

**FILED**

**March 24, 2025**

**v.) No. 24-ICA-322**      (JCN: 2023014811)

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WEST VIRGINIA UNIVERSITY,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Keith Jenkins, Jr., appeals the July 22, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia University ("WVU") filed a response.[1] Mr. Jenkins did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order rejecting the workers' compensation claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jenkins worked as a laboratory instrumentation specialist for WVU. On September 1, 2022, Mr. Jenkins underwent an ultrasound for left sided upper abdominal pain that had been ongoing for six weeks. Except for mild hepatic steatosis and a limited evaluation of the pancreas, the test was unremarkable. On September 22, 2022, Mr. Jenkins sought treatment by Alan R. Hess, M.D., related to worsening pain in his left upper abdominal area in a radicular fashion starting in his left lower back area. Mr. Jenkins told Dr. Hess that the discomfort had been ongoing for about three months and that another doctor had suggested an MRI. Although Dr. Hess believed the issue was mononeuropathy related to diabetes, he ordered a thoracic spine MRI as requested by Mr. Jenkins.

On November 2, 2022, Mr. Jenkins saw Scott Daffner, M.D., and Jacqueline Walker, PA-C, on a referral by Dr. Hess. Mr. Jenkins complained of left chest wall pain ongoing for four months. Mr. Jenkins noted that he works on his farm and performs a lot of heavy lifting and bending, but he denied having any specific injury. Upon examining

---

[1] Mr. Jenkins is represented by James T. Carey, Esq. West Virginia University is represented by Charity K. Lawrence, Esq.

Mr. Jenkins and reviewing thoracic x-rays and an MRI, Dr. Daffner noted some mild degenerative changes and a thoracic disc herniation on the left at T7-T8. Dr. Daffner advised Mr. Jenkins that surgical treatment would consist of a fusion, but recommended other tests and treatments before considering surgery. Dr. Daffner diagnosed thoracic radicular pain.

On January 23, 2023, Mr. Jenkins completed a WVU Employee Injury/Incident Report, in which he reported that around the first week of September 2022 he lifted a coal pulverizer and felt a strain/pop in the upper part of his back. He noted that although Dr. Hess initially believed the pain was neuropathy, he was later found to have two herniated discs.

Dr. Hess reexamined Mr. Jenkins on February 1, 2023, for his complaints of left sided pain that now wrapped around his back and abdomen to the right side and pain in his left hip. Mr. Jenkins explained that he now remembered that his problems began about a week after he lifted a coal pulverizer, weighing between 80 and 100 pounds, at work. Mr. Jenkins told Dr. Hess that this event probably occurred sometime in July and that he felt a pop in his mid-back, but did not think it was significant at the time. Dr. Hess commented that this was "theoretically" possible as Mr. Jenkins had a ruptured disc and he had pain in his abdomen radiating to his lower back. Mr. Jenkins and Dr. Hess completed an Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1 form") at the visit. On the form, Mr. Jenkins alleged that he injured his back on September 1, 2022, when he lifted a coal pulverizer at work. Dr. Hess diagnosed a thoracic spine injury that resulted from an occupational injury.

On February 15, 2023, Dr. Daffner reevaluated Mr. Jenkins after he had nerve root blocks. Mr. Jenkins remarked that he did not receive significant improvement from the procedure. According to Dr. Daffner, Mr. Jenkins said that his symptoms began in July 2022 after he lifted a pulverizer at work and felt a pop and strain in his thoracic spine and that the pain worsened and radiated. Dr. Daffner diagnosed a central and left sided thoracic disc herniation at T7-T8 and commented that he felt that the symptoms were directly related to Mr. Jenkins' injury at work.

By order dated February 23, 2023, the claim administrator rejected Mr. Jenkins' claim on the basis that the disability complained of was not due to an injury or disease received in the course of and resulting from employment. Mr. Jenkins protested this order.

On March 10, 2023, Dr. Hess evaluated Mr. Jenkins for ongoing pain in his left and right mid torso area related to thoracic radiculopathy.[2] Dr. Hess commented that Mr. Jenkins had a good case for a work-related accident and he agreed with Dr. Daffner's note.

---

[2] This report consisted of a single page from a treatment record by Dr. Hess.

Dr. Hess reviewed his note from February 1, 2023, and made a correction to his former statement that the problem began on the right side; Mr. Jenkins told Dr. Hess that the problem began on the left lower thoracic area and upper abdomen. Further, Dr. Hess clarified that the problems began in July after Mr. Jenkins lifted an object at work and felt a popping sensation followed by worsening pain that developed in his left chest wall/upper abdomen. Mr. Jenkins sought a second opinion about treatment options and Dr. Hess referred him to Alexander Whiting, M.D.

Alison Slinchak, PA, examined Mr. Jenkins on April 7, 2023, for Dr. Whiting, a neurosurgeon, who did not examine Mr. Jenkins, but spoke to him after the visit. PA Slinchak noted that the thoracic MRI imaging was not available for review. Due to Mr. Jenkins' increasing left cervical radiculopathy, PA Slinchak recommended a cervical MRI. Dr. Whiting examined Mr. Jenkins on April 13, 2023, and noted the history of Mr. Jenkins' radicular pain and treatment. Mr. Jenkins was referred to Alexander Yu, M.D., who was more experienced in thoracic surgery than Dr. Whiting. MRIs of the thoracic spine and cervical spine were ordered.

On June 29, 2023, Mr. Jenkins testified at a deposition that on or about September 1, 2022, he lifted a coal pulverizer, weighing about one hundred pounds, and felt a pop and strain in the middle of his back. According to Mr. Jenkins, a day or two later, he told his supervisor about the incident, but he did not complete an incident report as he did not think that he was injured significantly. Mr. Jenkins testified that within a couple of weeks or a month after the incident, he saw Dr. Hess, his primary care physician. Further, Mr. Jenkins explained that he did not file a workers' compensation claim until he became aware that his thoracic problems were due to herniated discs. On cross examination, Mr. Jenkins testified that he was not completely sure about the date of the injury and that he used the dates that he saw Dr. Hess to complete his injury report.

By order dated July 22, 2024, the Board affirmed the claim administrator's order rejecting Mr. Jenkins' claim for benefits. The Board found that Mr. Jenkins had, at times, alleged that he injured his thoracic spine during the first week of September 2022, and at other times alleged that the injury occurred during the first week of July 2022. Further, the Board noted that Mr. Jenkins did not file a report about the injury at the time it occurred. Based on dates noted in medical reports and Mr. Jenkins' testimony, the Board deduced that his complaints of pain (later correlated to his herniated thoracic discs) supported a finding that the problems began in early July 2022. Specifically, the Board noted that an abdominal ultrasound performed on September 1, 2022, was ordered on August 31, 2022, for pain in his back to left upper chest. Mr. Jenkins testified that he had seen Dr. Hess in July or August 2022 for the symptoms – thus, he sought treatment for his complaints before September 2022. Further, the Board noted that Mr. Jenkins did not complete a WC-1 form until February 1, 2023, and completed an incident report on January 23, 2023. Referring to West Virginia Code of State Rules 85-1-3.1 (2009), the Board noted that "failure to immediately give notice to the employer of an injury weighs against a finding of

3

compensability and the weighing of the evidence mandated by W. Va. Code § 23-4-1g and dilutes the credibility of the claim."[3]

The Board felt that Mr. Jenkins' initial belief that his symptoms were unrelated to his back was a reasonable belief – shared even by Dr. Hess initially. However, the Board noted that Mr. Jenkins did not allege a work injury until late January 2023 or complete a WC-1 form until February 1, 2023. Thus, the Board concluded that if his injury occurred in the first week of July 2022, Mr. Jenkins did not timely file his claim within six months as required by W. Va. Code § 23-4-15(a) (2010).

Further, citing Syl. Pt.3, *Deverick v. State Comp. Dir.*, 150 W. Va. 145, 144 S.E.2d 498 (1965), the Board noted that "[i]n order to establish compensability, an employee who suffers a disability in the course of his employment must show by competent evidence that there was a causal connection between such disability and his employment." The Board found that the medical records did not support Mr. Jenkins' allegation that his injury occurred during the first week of September 2022, because evidence showed that he had symptoms in his upper left chest wall since early July 2022. Also, the Board observed that Mr. Jenkins did not seek medical treatment for weeks after the alleged injury. Ultimately, the Board affirmed the rejection of the claim, finding the credibility of the claim to be diluted such that Mr. Jenkins did not establish that he suffered an injury on or around September 1, 2022, and he did not timely file his claim if, as he also alleged, he was injured on or around July 1, 2022. Mr. Jenkins now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the

---

[3] In pertinent part, W. Va. Code R. 85-1-3.1 provides that,

Failure to immediately give notice to the employer of the injury weighs against a finding of compensability in the weighing of the evidence mandated by W. Va. Code § 23-4-1g and dilutes the credibility and reliability of the claim. Notice provided to the employer within two (2) working days of the injury shall be deemed immediate notice: *Provided*, That under no circumstances shall the fact that notice of an occupational injury was provided by the claimant later than two (2) working days from the time of the injury be the sole basis for denial of a claim. Enforcement of an employer's personnel policy requiring that a claimant report an injury immediately is not a discriminatory practice under chapter twenty-three of the West Virginia Code.

Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Jenkins argues that the Board was clearly wrong in view of the reliable, probative, and substantial evidence on the whole record which shows that he sustained a compensable injury to his thoracic spine, specifically a left T7-T8 disc herniation. While Mr. Jenkins admits that Drs. Hess and Daffner initially questioned the etiology of the thoracic disc herniations, they both ultimately concluded that it stemmed from a workplace injury. Dr. Whiting, Mr. Jenkins points out, did not rule out the condition being work-related, but merely wanted additional testing. Mr. Jenkins argues that he established a prima facie case that he sustained a compensable work injury and that while the employer points to discrepancies regarding when the injury occurred, the medical records reflect that the physicians determined that he was injured as a result of his work. Thus, Mr. Jenkins contends that the Board is clearly wrong in holding that there is no competent evidence to establish that Mr. Jenkins was injured on or about September 1, 2022, or that he was injured in the course of and as a result of his employment. We disagree.

Here, the Board's decision hinges on a finding that Mr. Jenkins did not show by a preponderance of evidence that he sustained an injury in the course of and resulting from his employment on or around September 1, 2022. The Board concluded that inconsistencies about the date of injury were important because an injured employee must file an application for workers' compensation benefits within six months from and after an injury as required by W. Va. Code § 23-4-15(a). Thus, if Mr. Jenkins injured himself in July 2022, as he had alleged at times, then he did not timely file his February 1, 2023, WC-1 application. The Board determined that medical records did not support a finding that Mr. Jenkins was injured during the first week of September 2022.

In addition to the discrepancies about the alleged date of injury, the Board determined that per West Virginia Code of State Rules § 85-1-3.1, Mr. Jenkins' failure to immediately notify the employer about his injury "weighs against a finding of compensability in the weighing of the evidence mandated by W. Va. Code §23-4-1g and

5

dilutes the credibility and reliability of the claim." The Board noted that it was not until late January 2023 that Mr. Jenkins completed an Employee Injury/Incident report and for the first time alleged that his symptoms were due to a work injury. Based on the inconsistencies and diluted credibility of the claim, the Board affirmed the rejection of the claim.

Upon review, we conclude that the Board was not clearly wrong in finding Mr. Jenkins failed to establish that he suffered an injury in the course of and as a result of his work on or around September 1, 2022, or if he alleges that an injury occurred in the course of and resulting from his employment on or around July 1, 2022, the claim is barred by the statute of limitations provided at West Virginia Code § 23-4-15(a). We note that some evidence, such as the ultrasound report dated September 1, 2022, would indicate that Mr. Jenkins' symptoms, ongoing for about six weeks, began in July 2022. Also, on November 2, 2022, Dr. Daffner reported that Mr. Jenkins said that his symptoms had been present for about four months - indicative that Mr. Jenkins' symptoms began in July 2022. However, in his WC-1 form, Mr. Jenkins listed September 1, 2022, as his date of injury. Thus, as the Board found, the record is not entirely clear as to the date of the alleged injury.

Further, the Board's application of West Virginia Code of State Rules § 85-1-3.1 was appropriate and the credibility and reliability of the claim was further diluted. We find that the Board's decision is supported by substantial evidence. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying the compensability of the claim.

Accordingly, we affirm the Board's July 22, 2024, order.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6